**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MTE HOLDINGS LLC | ) | Case No. 19-12269 (KBO) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 47-1017894 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MTE PARTNERS LLC, | ) | Case No. 19-12272 (KBO) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 47-4861158 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| OLAM ENERGY RESOURCES I LLC, | ) | Case No. 19-12273 (KBO) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 47-3660770 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MDC ENERGY LLC, | ) | Case No. 19-12385 (KBO) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 46-3569140 | ) | |

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| MDC TEXAS OPERATOR LLC, | ) | Case No. 19-12387 (KBO) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
| Tax I.D. No. 47-1621087 | ) |  |

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| MDC REEVES ENERGY LLC, | ) | Case No. 19-12388 (KBO) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
| Tax I.D. No. 47-4163644 | ) |  |

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| WARD I, LLC, | ) | Case No. 19-12386 (KBO) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
| Tax I.D. No. 47-4856817 | ) |  |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER DIRECTING THE JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES

The above-captioned debtors and debtors in possession (collectively, the "Debtors") in these Chapter 11 cases (the "Chapter 11 Cases") respectfully state as follows in support of this motion (the "Motion"):

### RELIEF REQUESTED

1.      The Debtors submit this Motion pursuant to section 105(a) of title 11 of the United States Code, (as amended, the "Bankruptcy Code"), rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), requesting entry of an order, substantially in the form attached

hereto as **Exhibit A** (the "Proposed Order"):  (i) directing the joint administration of the Debtors'

Chapter 11 Cases for procedural purposes only and (ii) granting certain related relief described

herein.

2.      The Debtors request that the Clerk of the Court maintain one file and one docket

for all of the Debtors' Chapter 11 Cases, which file and docket shall be the file and docket for

MTE Holdings LLC, and that the caption of these Chapter 11 Cases be modified to reflect their

joint administration as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MTE HOLDINGS LLC, *et al.*,[1] | ) | Case No. 19-12269 (KBO) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: MTE Holdings LLC (7894); MTE Partners LLC (1158); Olam Energy Resources I LLC (0770); MDC Energy LLC (9140); MDC Texas Operator LLC (1087); Ward I, LLC (6817); and MDC Reeves Energy LLC (3644).  The Debtors' address is 280 East 96th Street, Suite 210, Indianapolis, Indiana 46240.

3.      The Debtors further request that this Court order that the foregoing caption

satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code and Bankruptcy

Rule 1005.

4.      The Debtors also seek the Court's direction that a separate docket entry be made

on the docket of each of these Chapter 11 Cases (except that of MTE Holdings LLC)

substantially as follows:

An order has been entered in this case consolidating this case with the case of MTE Holdings LLC, Case No. 19-12269 (KBO) for procedural purposes only and providing for its joint administration in accordance with the terms thereof.  **The docket in the chapter 11 case of MTE Holdings LLC, Case No. 19-12269 (KBO), should be consulted for all matters concerning this case.**

## JURISDICTION AND VENUE

5.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C § 157(b)(2).  Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

6.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7.      The statutory and other legal predicates for the relief requested herein are section 105(a) of Bankruptcy Code, Bankruptcy Rule 1015(b), and Local Rule 1015-1.

## BACKGROUND

8.      On October 22, 2019, MTE Holdings LLC ("MTE") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court.  Subsequently, on October 23, 2019, Olam Energy Resources I LLC ("Olam") and MTE Partners LLC ("MTE Partners", and together with MTE and Olam, the "Original Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in this Court.  The remaining debtors filed voluntary bankruptcy petitions on the date hereof.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a)

and 1108.  No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.  No committees have been appointed or designated.

9.      On November 5, 2019, the Original Debtors filed the initial joint administration motion, the *Debtors' Motion for Entry of an Order Directing Joint Administration of the Debtors' Chapter 11 Cases* [D.I. 26] in the chapter 11 cases for MTE, Olam, and MTE Partners (together, the "Initial Joint Administration Motion").  This Motion supersedes the Initial Joint Administration Motion.

10.     All of the Debtors are affiliates.  MTE's primary asset consists of its 100% equity interest in debtor MDC Energy LLC, an oil and gas producer with its primary operations in Texas.  Debtors Ward I, LLC and MDC Reeves Energy LLC are wholly-owned subsidiaries of MDC Energy LLC.  Debtors Olam and MTE Partners each owns 50% of the equity of MTE. Similarly, MDC Texas Operator LLC is 100%-owned by non-debtor MTE Holdings II LLC, which is in turn owned by debtors Olam and MTE Partners.

11.     A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this Motion and the Debtors' bankruptcy petitions are set forth in greater detail in the *Declaration of Mark Siffin, Chief Executive Officer of MDC Energy LLC in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith.  This Motion incorporates by reference the facts set forth in the First Day Declaration as if fully set forth herein.

## **BASIS FOR RELIEF**

12.     Section 105(a) of the Bankruptcy Code authorizes this Court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  Bankruptcy Rule 1015(b) provides that, if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the court may order a joint administration of the estates."  Fed. R. Bankr. P. 1015(b).  In this case, all of the Debtors are "affiliates" of MTE as Bankruptcy Code Section 101(2) defines that term.  Local Rule 1015-1 similarly provides for joint administration of chapter 11 cases when the facts demonstrate that joint administration "is warranted and will ease the administrative burden for the Court and the parties."  Del. Bankr. L.R. 1015-1.  Accordingly, the Court has the authority to grant the relief requested herein.

13.     Joint administration of these Chapter 11 Cases will provide administrative convenience to all parties in interest without affecting the substantive rights of any party in interest.  Many of the motions, applications, hearings, and orders that will arise in these Chapter 11 Cases will affect all of the Debtors jointly.  For this reason, joint administration of these cases for procedural purposes would best serve the interests of the Debtors, their creditors, and other parties in interest.

14.     Additionally, joint administration of the Debtors' respective estates will ease the administrative burden on the Court and all parties in interest.  The joint administration of these Chapter 11 Cases will permit the Clerk of the Court to utilize a single docket for all of the cases and to combine notices to creditors and other parties in interest in the Debtors' respective cases.  Joint administration also will enable and ease the burden of parties in interest in each of the Chapter 11 Cases to stay apprised of all of the various matters before the Court.

15.     Because these Chapter 11 Cases involve multiple affiliated Debtors, joint administration will reduce significantly the volume of paper that otherwise would be filed with the Clerk of the Court, render the completion of various administrative tasks less costly, and minimize the number of unnecessary delays.  Moreover, the relief requested by this Motion also will simplify supervision of the administrative aspects of these cases by the Office of the United States Trustee.

16.     Importantly, joint administration of these Chapter 11 Cases will not prejudice or adversely affect the rights of the Debtors' creditors because the relief sought herein is purely procedural and is not intended to affect substantive rights.

### **NOTICE**

17.     Notice of this Motion shall be given to (a) the Office of the United States Trustee for the District of Delaware, (b) the Debtors' thirty (30) largest unsecured creditors, (c) counsel to the Riverstone Credit Management, LLC, (d) counsel to Natixis, New York Branch and BMO Harris, N.A., (e) the United States Attorney's Office for the District of Delaware, (f) the Internal Revenue Service, (g) the Securities and Exchange Commission; (h) any party that has requested notice pursuant to Bankruptcy Rule 2002 as of the time of service, and (i) any other party required to be provided notice under Local Rule 9013-1(m).  Due to the nature of the relief requested herein, the Debtors submit that no other or further notice need be provided.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Proposed Order substantially in the form annexed as **Exhibit A** hereto granting the relief requested in this Motion and (b) grant such other and further relief as may be just and proper.

[*Remainder of page intentionally left blank*]

Dated: November 8, 2019
Wilmington, Delaware

/s/ *Daniel B. Butz*

Robert J. Dehney (No. 3578)
Eric D. Schwartz (No.3134)
Daniel Butz (No. 4227)
**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
1201 N. Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Emails: rdehney@mnat.com
        eschwartz@mnat.com
        dbutz@mnat.com

- and –

Andrew K. Glenn (*pro hac vice* motion pending)
Matthew B. Stein (*pro hac vice* motion pending)
David J. Mark (*pro hac vice* motion pending)
**KASOWITZ BENSON TORRES LLP**
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Facsimile: (212 506-1800
Email: AGlenn@kasowitz.com
       MStein@kasowitz.com
       DMark@kasowitz.com

**PROPOSED COUNSEL FOR DEBTORS AND
DEBTORS IN POSSESSION**

**Exhibit A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MTE HOLDINGS LLC | ) | Case No. 19-12269 (KBO) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 47-1017894 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MTE PARTNERS LLC, | ) | Case No. 19-12272 (KBO) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 47-4861158 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| OLAM ENERGY RESOURCES I LLC, | ) | Case No. 19-12273 (KBO) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 47-3660770 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MDC ENERGY LLC, | ) | Case No. 19-12385 (KBO) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 46-3569140 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MDC TEXAS OPERATOR LLC, | ) | Case No. 19-12387 (KBO) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 47-1621087 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MDC REEVES ENERGY LLC, | ) | Case No. 19-12388 (KBO) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 47-4163644 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WARD I, LLC, | ) | Case No. 19-12386 (KBO) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 47-4856817 | ) | |

## ORDER DIRECTING THE JOINT
## ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES

Upon the Motion[1] of the above-captioned debtors and debtors in possession (collectively,

the "Debtors"), for entry of this order ("Order") pursuant to Bankruptcy Code section 105(a),

Bankruptcy Rule 1015(b), and Local Rule 1015-1, authorizing the joint administration of these

Chapter 11 Cases for procedural purposes only, all as further described in the Motion; and this

Court having jurisdiction to consider the Motion and the relief requested therein in accordance

with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United

States District Court for the District of Delaware, dated as of February 29, 2012; and

---

[1] All capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

2

consideration of the Motion and the relief requested therein being a core proceeding in accordance with 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and upon the record of any hearing held to consider the relief requested in the Motion; and upon the filing of the Debtors' voluntary Chapter 11 petitions and all proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

1. The Motion is granted to the extent provided herein.

2. The above-captioned cases are consolidated for procedural purposes only and shall be administered jointly under the case of MTE Holdings LLC, Case No. 19-12269 (KBO) in accordance with the provisions of Bankruptcy Rule 1015 and Local Rule 1015-1.

3. All pleadings filed in the Debtors' chapter 11 cases shall bear a consolidated caption in the following form:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MTE HOLDINGS LLC, *et al.*,[1] | ) | Case No. 19-12269 (KBO) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: MTE Holdings LLC (7894); MTE Partners LLC (1158);Olam Energy Resources I LLC

3

(0770); MDC Energy LLC (9140); MDC Texas Operator LLC (1087); Ward I, LLC (6817); and MDC Reeves Energy LLC (3644).  The Debtors' address is 280 East 96th Street, Suite 210, Indianapolis, Indiana 46240.

4.     The caption set forth above shall be deemed to satisfy any applicable requirements of Bankruptcy Code section 342(c)(1) and Bankruptcy Rule 1005.

5.     The Clerk of this Court shall make a docket entry in each of the Debtors' chapter 11 cases (except that of MTE Holdings LLC.) substantially as follows:

> An order has been entered in this case consolidating this case with the case of MTE Holdings LLC, Case No. 19-12269 (KBO) for procedural purposes only and providing for its joint administration in accordance with the terms thereof.  **The docket in the chapter 11 case of MTE Holdings LLC, Case No. 19-12269 (KBO), should be consulted for all matters concerning this case.**

6.     The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the District of Delaware shall keep, one consolidated docket, one file, and one consolidated service list for these Chapter 11 Cases.

7.     Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the Chapter 11 Cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

8.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, this Order shall be immediately effective and enforceable upon its entry.

9.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

10.     The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Dated:  November __, 2019

_____
The Honorable Karen B. Owens
United States Bankruptcy Judge