**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| MTE HOLDINGS LLC, *et al.*,[1] | ) ) | Case No. 19-12269 (KBO) |
| Debtors. | ) ) ) | Joint Administration Requested |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
(I) EXTENDING THE TIME TO FILE SCHEDULES OF ASSETS AND
LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS AND
(II) AUTHORIZING THE DEBTORS TO FILE A CONSOLIDATED LIST OF THE
DEBTORS' THIRTY LARGEST UNSECURED CREDITORS**

The debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") respectfully state as follows in support of this motion (the "Motion"):

**RELIEF REQUESTED**

1.  The Debtors submit this Motion pursuant to sections 105(a) and 521 of Title 11 of the United States Code, (as amended, the "Bankruptcy Code"), rules 1007(c) and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), requesting entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (i) amending and extending the period within which the Debtors must file their Schedules and Statements of Financial Affairs ("SOFAs") through and including January 6, 2020, without prejudice to the Debtors' ability to

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: MTE Holdings LLC (7894); MTE Partners LLC (1158); Olam Energy Resources I LLC (0770); MDC Energy LLC (9140); MDC Texas Operator LLC (1087); Ward I, LLC (6817); and MDC Reeves Energy LLC (3644).  The Debtors' address is 280 East 96th Street, Suite 210, Indianapolis, Indiana 46240.

request additional extensions and (ii) authorizing the Debtors to file a consolidated list of the Debtors' thirty (30) largest unsecured creditors.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C § 157(b)(2). Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory and other legal predicates for the relief sought herein are Sections 105(a) and 521 of the Bankruptcy Code, Bankruptcy Rules 1007 and 2002, and Local Rules 1007-1 and 1007-2.

## BACKGROUND

A. **General Background.**

5. On October 22 and 23, 2019, and on the date hereof, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases. No committees have been appointed or designated.

6. On November 5, 2019, Debtors MTE Holdings LLC, Olam Energy Resources I LLC and MTE Partners LLC (together, the "Original Debtors") filed the *Debtors' Motion for*

*Entry of an Order Extending the Time to File Schedules of Assets and Liabilities and Statements of Income and Financial Affairs*, Case No. 19-12269 (KBO) [D.I. 25], the ("Initial Motion"). This Motion supersedes the Initial Motion.

7. A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this Motion and the Debtors' bankruptcy petitions are set forth in greater detail in the *Declaration of Mark Siffin, Chief Executive Officer of MDC Energy LLC in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith. This Motion incorporates by reference the facts set forth in the First Day Declaration as if fully set forth herein. Additional information about the Debtors' business affairs and capital structure, as they relate to the filing of the schedules and the consolidated creditor matrix is set forth below.

B. **The Debtors' Schedules and SOFAs.**

8. Bankruptcy Code Section 521 and Bankruptcy Rule 1007(c) require the Debtors to file their schedules of assets and liabilities and statement of financial affairs (collectively, the "Schedules and SOFAs") within fourteen (14) days after the petition date. Local Rule 1007-1(b) extends the filing deadline for the Schedules and SOFAs to twenty-eight (28) days after the petition date if (i) the chapter 11 petition is accompanied by a list of all of the Debtors' creditors and their addresses in accordance with Local Rule 1007-2 and (ii) the total number of creditors in the Debtors' cases exceeds 200. On a consolidated basis, the Debtors have over 300 creditors and will file a consolidated matrix listing each of their creditors and their respective addresses prior to the hearing. Therefore, having satisfied Local Rule 1007-1(b), the current deadline for the Debtors to file their Schedules and SOFAs is twenty-eight (28) days after the respective petition dates.

**BASIS FOR RELIEF REQUESTED**

    A.    **The Court Has Authority and Cause Exists to Extend the Allotted Time to File Schedules and SOFAs.**

9.    The Court has authority to grant the requested extension under Bankruptcy Rule 1007(c). Bankruptcy Rule 1007(c) provides that "any extension of time to file schedules, statements and other documents required under this rule may be granted only on motion for cause shown and on notice to the United States trustee, any [official] committee. . . trustee, examiner, or other party as the court may direct." Fed. R. Bankr. P. 1007(c). Similarly, Local Rule 1007-1(b) provides that such an extension "shall be granted, for cause, only upon filing of a motion by the debtor." Del. Bankr. L.R. 1007-1(b).

10.    The Debtors submit that cause exists to extend the Debtors' deadline to file the Schedules and SOFAs until January 6, 2020 based upon, among other things, (i) the size and complexity of the Debtors' business, (ii) the number of the Debtors' potential creditors, and (iii) the numerous burdens imposed on the Debtors' management and professional advisors by the Debtors' restructuring efforts, particularly in the early days of these Chapter 11 Cases.

11.    Completion of the Schedules and SOFAs will require the Debtors to collect, review, and assemble a substantial volume of information relating to, among other things, their assets, contracts, leases, and claims of creditors. Assembling the necessary information will require a significant expenditure of time and effort by the Debtors, their advisors, and their employees. In the early days of these Chapter 11 Cases, Debtors' management must be focused on right-sizing its oil and gas business to maximize its restructuring efforts and avoid liquidation. The magnitude of these tasks, when taken together with the considerable burdens associated with transitioning into chapter 11, supports an extension of the current deadline for filing the Schedules and SOFAs.

12. The relief requested herein will not prejudice or adversely affect the rights of the Debtors' creditors or other parties-in-interest. Similar relief has been granted by courts in other chapter 11 cases. *See, e.g.*, *In re Orexigen Therapeutics, Inc.* Case Np. 18-10518 (KG) (Bankr. D. Del. Apr. 10, 2018) (granting 32 day extension); *In re Tidewater Inc.,* Case No. 17-11132 (BLS) (Bankr. D. Del. May 19, 2017) (schedules filed July 3, 2017 following May 17, 2017 petition date). Rather, the extension requested herein will aid the Debtors' efforts to ensure the accuracy and completeness of the Schedules and SOFAs which, in turn, will promote efficient administration of these Chapter 11 Cases and ultimately benefit the Debtors' creditors and parties in interest.

      **B.**     **Authority Exists to File a Single Consolidated List of the Debtors' 30 Largest Unsecured Creditors.**

13. The Debtors believe that filing a single, consolidated list of the thirty (30) largest unsecured creditors in the Chapter 11 Cases is appropriate. Pursuant to Bankruptcy Rule 1007(d), a debtor must file "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders." Section 105(a) of the Bankruptcy Code also empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. § 105(a). The Debtors submit that the relief requested in this Motion is appropriate in the Chapter 11 Cases and is within the Court's equitable powers under section 105 of the Bankruptcy Code.

14. Here, numerous creditors are shared amongst certain of the Debtors. Compiling separate top creditor lists for each individual Debtor would consume an excessive amount of the Debtor's scarce time and resources. Moreover, because the Debtors will request that the Office of the United States Trustee for the District of Delaware (the "United States Trustee") appoint a single official committee of unsecured creditors in these Chapter 11 Cases, if one is needed at all,

a consolidated list of the Debtors' thirty largest creditors will better represent the Debtors' most significant unsecured creditors.

15. Similar relief has been routinely granted by courts in this district. *See, e.g., In re Pernix Sleep, Inc.*, Case No. 19-10323 (CSS) (Bankr. D. Del. Apr. 11, 2019) (authorizing filing of consolidated list of creditors in lieu of separate mailing matrices); *In re NSC Wholesale Holdings LLC*, Case No. 18-12394 (KJC) (Bankr. D. Del. Oct. 26, 2018) (same); *In re VER Techs. HoldCo LLC*, Case No 18-10834 (KG) (Bankr. D. Del. Apr. 6, 2018); *In re PES Holdings, LLC*, Case No. 18-10122 (KG) (Bankr. D. Del. Jan. 23, 2018) (same); *In re Charming Charlie Holdings, Inc.*, Case No. 17-12906 (CSS) (Bankr. D. Del. Dec. 13, 2017) (same); *In re GST AutoLeather, Inc.*, Case No. 17-12100 (LSS) (Bankr. D. Del. Oct. 4, 2017) (same); *In re Dex Media, Inc.*, Case No. 16-11200 (KG) (Bankr D. Del. May 18, 2016) (same).

16. Accordingly, the Debtors request authority to file a single, consolidated list of their thirty (30) largest unsecured creditors.

## **NOTICE**

17. Notice of this Motion shall be given to (a) the Office of the United States Trustee for the District of Delaware, (b) the Debtors' thirty (30) largest unsecured creditors on a consolidated basis, (c) counsel to Natixis, New York Branch and BMO Harris, N.A., (d) counsel to Riverstone Credit Management, LLC (e) the United States Attorney's Office for the District of Delaware, (f) the Internal Revenue Service, (g) the Securities and Exchange Commission, (h) any party that has requested notice pursuant to Bankruptcy Rule 2002 as of the time of service, and (g) any other party required to be provided notice under Local Rule 9013-1(m). Due to the nature of the relief requested herein, the Debtors submit that no other or further notice need be provided.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Proposed Order substantially in the form annexed as **Exhibit A** hereto granting the relief requested in this Motion and (b) grant such other and further relief as may be just and proper.

Dated: November 8, 2019
       Wilmington, Delaware

/s/ *Daniel B. Butz*

Robert J. Dehney (No. 3578)
Eric D. Schwartz (No. 3134)
Daniel Butz (No. 4227)
**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Email: rdehney@mnat.com
       eschwartz@mnat.com
       dbutz@mnat.com

- and -

Andrew K. Glenn (*pro hac vice* motion pending)
Matthew B. Stein (*pro hac vice* motion pending)
David J. Mark (*pro hac vice* motion pending)
**KASOWITZ BENSON TORRES LLP**
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800
Email: AGlenn@kasowitz.com
       MStein@kasowitz.com
       DMark@kasowitz.com

**PROPOSED COUNSEL FOR DEBTORS AND DEBTORS IN POSSESSION**

**Exhibit A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MTE HOLDINGS LLC, *et al.*,[1] | ) | Case No. 19-12269 (KBO) |
| | ) | |
| Debtors. | ) | Joint Administration Requested |
| | ) | |

**ORDER (I) EXTENDING THE TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS AND (II) AUTHORIZING THE DEBTORS TO FILE A CONSOLIDATED LIST OF THE DEBTORS' THIRTY LARGEST UNSECURED CREDITORS**

Upon the Motion[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of this Order pursuant to Bankruptcy Code sections 105(a) and 521, Bankruptcy Rules 1007 and 2002, and Local Rules 1007-1 and 1007-2, (i) extending the deadline by which the Debtors must file their Schedules and SOFAs and (ii) authorizing the Debtors to file a consolidated list of the Debtors' thirty (30) largest unsecured creditors, all as further described in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding in accordance with 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and upon the record of any hearing

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: MTE Holdings LLC (7894); MTE Partners LLC (1158); Olam Energy Resources I LLC (0770); MDC Energy LLC (9140); MDC Texas Operator LLC (1087); Ward I, LLC (6817); and MDC Reeves Energy LLC (3644).  The Debtors' address is 280 East 96th Street, Suite 210, Indianapolis, Indiana 46240.

[2] All capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

being held to consider the relief requested in the Motion; and upon the First Day Declaration and all proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

1. The Motion is granted to the extent provided herein.

2. The time within which the Debtors must file their Schedules and SOFAs is extended through and including January 6, 2020, without prejudice to the Debtors' right to seek further extensions of such periods upon a showing of cause therefore.

3. The Debtors are authorized to file a consolidated list of the thirty (30) largest unsecured creditors in the Debtors' Chapter 11 Cases in lieu of each Debtor filing a list of its largest unsecured creditors.

4. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

5. All time periods referenced in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

7. This Court shall retain jurisdiction with respect to any and all matters arising from or related to the interpretation or implementation of this Order.

Dated: November [___], 2019

                                                        The Honorable Karen B. Owens

3

_____
United States Bankruptcy Judge