**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| MTE HOLDINGS LLC, *et al.*,[1] | ) | Case No. 19-12269 (KBO) |
| Debtors. | ) | Joint Administration Requested |

**DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICES, (II) DEEMING UTILITY COMPANIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE, (III) ESTABLISHING PROCEDURES FOR DETERMINING ADDITIONAL ADEQUATE ASSURANCE OF PAYMENT, AND (IV) SETTING A FINAL HEARING RELATED HERETO**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") respectfully state as follows in support of this motion (the "Motion"):

## RELIEF REQUESTED

1. The Debtors submit this Motion pursuant to sections 105(a) and 366(b) of title 11 of the United States Code (the "Bankruptcy Code") requesting entry of interim and final orders, substantially in the forms attached hereto as **Exhibits A** and **B** (the "Interim Order" and the "Final Order," respectively): (i) prohibiting Utility Companies (as defined below) from altering, refusing, or discontinuing Utility Services (as defined below) on account of prepetition invoices, including the making of demands for security deposits or accelerated payment terms; (ii) determining that the Debtors have provided each of the Utility Companies with "adequate assurance of payment" within the meaning of Bankruptcy Code section 366 ("Adequate

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: MTE Holdings LLC (7894); MTE Partners LLC (1158); Olam Energy Resources I LLC (0770); MDC Energy LLC (9140); MDC Texas Operator LLC (1087); Ward I, LLC (6817); and MDC Reeves Energy LLC (3644). The Debtors' address is 280 East 96th Street, Suite 210, Indianapolis, Indiana 46240.

Assurance"); (iii) establishing procedures (the "Assurance Procedures") for determining additional Adequate Assurance, if any, and authorizing the Debtors to provide Adequate Assurance to the Utility Companies; and (iv) setting a final hearing (the "Final Hearing") on the proposed Assurance Procedures.

**JURISDICTION AND VENUE**

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C § 157(b)(2). Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory and other legal predicates for the relief requested herein are Bankruptcy Code sections 105(a) and 366, rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9013-1(m).

**BACKGROUND**

**A. General Background.**

5. On the date hereof, as well as on October 22, 2019 and October 23, 2019, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has

requested the appointment of a trustee or examiner in the Chapter 11 Cases and no statutory committees have been appointed or designated.

6. A detailed description of the Debtors and their businesses, and facts and circumstances relating to the Debtors' filing of the Chapter 11 Cases, are set forth in greater detail in the *Declaration of Mark Siffin, Chief Executive Officer of MDC Energy LLC in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith. This Motion incorporates by reference the facts set forth in the First Day Declaration as if fully set forth herein. Additional facts specific to this Motion are set forth below.

**B. The Debtors' Utilities.**

7. In the normal course of operation of their business, the Debtors obtain electricity, telecommunications, and internet access (each, a "Utility Service" and collectively, the "Utility Services") from various utility companies (each, a "Utility Company" and collectively, the "Utility Companies").[2] A list of Utility Companies that provide Utility Services to the Debtors is attached as **Annex 1** to the Interim and Final Orders (as supplemented, the "Utility Service List").[3] On average, the Debtors spend approximately $75,375 per month on the Utility Services.

[2] Bankruptcy Code section 366 applies to entities that provide services that are traditionally provided by "utilities," including services that cannot be readily obtained or replaced elsewhere or which constitute a monopoly with respect to the service provided. *See One Stop Realtour Place, Inc. v. Allegiance Telecom, Inc. (In re One Stop Realtour Place, Inc.)*, 268 B.R. 430, 435-37 (Bankr. E.D. Pa. 2001) (deeming mobile phone service provider a utility); *In re Good Time Charlie's Ltd.*, 25 B.R. 226, 227–28 (Bankr. E.D. Pa. 1982) (finding landlord was a utility because it was the sole source of electrical supply to debtor-tenant).

[3] The Debtors have endeavored to identify all of the Utility Companies and list them on the Utility Service List. However, inadvertent omissions may have occurred, and the omission from the Utility Service List of any entity providing utility services to the Debtors shall not be construed as an admission, waiver, acknowledgment, or consent that Bankruptcy Code section 366 does not apply to such entity. If the Debtors identify any entity that was inadvertently excluded from Utility Service List, the Debtors will promptly provide such entity with a copy of this Motion and either the (i) Interim Order or (ii) if entered, the Final Order. In addition, the inclusion of any entity on the Utility Service List is not an admission that such entity is a utility with the meaning of Bankruptcy Code section 366, and the Debtors reserve all rights with respect thereto.

8. In general, the Debtors have established a good payment history with the Utility Companies and have made payments on a regular and timely basis. To the best of the Debtors' knowledge, there are no material defaults or arrearages of any significance with respect to the Debtors' undisputed Utility Services invoices, other than payment interruptions that may be caused by the commencement of these Chapter 11 Cases.

**C. The Proposed Adequate Assurance Deposit.**

9. Within twenty (20) days of the date hereof, the Debtors propose to establish a segregated account containing an initial aggregate amount of $37,500 (the "Utility Deposit"), equal to approximately 50% of the Debtors' estimated monthly cost of the Utility Services, which is an amount sufficient to provide utility companies with Adequate Assurance.

10. The Debtors intend to pay, when due, all undisputed postpetition charges for Utility Services. Moreover, the Debtors expect their available cash will be more than sufficient to pay for the Debtors' postpetition use of Utility Services.

11. While the form of Adequate Assurance may be limited to the types of security enumerated in Bankruptcy Code section 366(c)(1)(A),[4] the determination of the amount of Adequate Assurance is within the discretion of the Court. It is well established that adequate assurance does not require an absolute guarantee of payment. Instead, the protection granted to a utility is intended to avoid exposing the utility to an unreasonable risk of nonpayment.

12. The Debtors submit that the Utility Deposit constitutes sufficient Adequate Assurance for the Utility Companies and fully satisfies the requirements of Bankruptcy Code section 366. However, should any Utility Company disagree, the Debtors propose to establish

---

[4] This section provides that "assurance of payment" may be in the form of a cash deposit, letter of credit, certificate of deposit, surety bond, prepayment of utility consumption, or another form of security that is mutually agreed upon by the utility and the debtor. 11 U.S.C. § 366(c)(1)(A).

the Assurance Procedures under which a Utility Company may request additional Adequate Assurance. If any Utility Company believes additional Adequate Assurance is required, it may request such additional assurance pursuant to the following Assurance Procedures:

i. If a Utility Company is not satisfied with the assurance of future payment provided by the Debtors, the Utility Company must serve a written request (a "Request") upon: (a) the Debtors; (b) counsel to the Debtors; (c) the Office of the United States Trustee for the District of Delaware; (d) counsel to Natixis, New York Branch ("Natixis") and counsel to BMO Harris, N.A. ("BMO"); (e) counsel to Riverstone Credit Management, LLC ("Riverstone") and (f) counsel to any statutory committee appointed in these Chapter 11 Cases.

ii. The Request must: (a) set forth the location(s) for which Utility Services are provided, the account number(s) for such location(s), and the outstanding balance for each account; (b) disclose any existing security deposit; and (c) provide an explanation of why the Utility Deposit is not sufficient Adequate Assurance of payment.

iii. Without further order of the Court, the Debtors may enter into agreements granting additional Adequate Assurance to a Utility Company and/or extending the Debtors' time to file a Determination Motion (as defined below). The Debtors may reduce the amount of the Utility Deposit by any amount allocated to a particular Utility Company to the extent consistent with any alternative adequate assurance arrangements mutually agreed to by the Debtors and the affected Utility Company.

iv. If the Debtors believe a Request is unreasonable, then they shall, within thirty (30) days after receipt of a Request (or such later date as agreed to by the Debtors and the requesting Utility Company), file a motion (the "Determination Motion") pursuant to Bankruptcy Code section 366(c)(3) seeking a determination from the Court that the Utility Deposit, plus any additional consideration offered by the Debtors, constitutes Adequate Assurance.

v. Pending resolution of any such Determination Motion, the Utility Company filing such Request shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of the commencement of these Chapter 11 Cases, unpaid charges for prepetition services, or on account of any objections to the Debtors' proposed Adequate Assurance.

vi. The Utility Deposit shall automatically, without further order of the Court, be available to the Debtors upon the effective date of any chapter 11 plan for the Debtors, upon the closing date of a sale of substantially all of the Debtors' assets under section 363 of the Bankruptcy Code or upon the

closing of these Chapter 11 Cases; *provided* that there are no outstanding disputes related to postpetition payments owing to any Utility Company.

vii. The Utility Deposit shall be deemed Adequate Assurance for any Utility Company that fails to make a Request.

13. The Debtors request the Final Hearing on this Motion be held within twenty-eight (28) days of the date hereof to ensure that, if a Utility Company argues it can unilaterally refuse service to the Debtors on the thirty-first (31st) day after the date hereof, the Debtors will have the opportunity, to the extent necessary, to request that the Court modify the Assurance Procedures to avoid any potential termination of the Utility Services.

14. The portion of the Adequate Assurance Deposit attributable to each Utility Company shall be returned to the Debtors upon the effective date of a chapter 11 plan for the Debtors or such other time as mutually agreeable between the Debtors and each Utility Company. Additionally, if the Debtors terminate any of the Utility Services provided by a Utility Company, the Debtors request that they immediately be permitted to reduce the Adequate Assurance Deposit to reflect the termination of such Utility Services.

15. As a condition of accepting an Adequate Assurance Deposit, the Debtors propose that such Utility Company shall be deemed to have stipulated that the Adequate Assurance Deposit constitutes adequate assurance of payment to such Utility Company within the meaning of section 366 of the Bankruptcy Code, and shall be prohibited from challenging or opting out of the Assurance Procedures (as defined below), filing a Request (as defined below), or requesting any additional adequate assurance of payment of any kind at any time, notwithstanding any attempt by such Utility Company to reserve a right to seek any such relief.

**D. <u>Proposed Procedures to Supplement the Utility List.</u>**

16. Although the Debtors have made a good faith effort to identify all of the Utilities that currently provide Utility Services to the Debtors, it is possible that some Utilities may not be

listed on the Utilities List. For any additional Utilities that the Debtors identify, the Debtors will file a Supplemental Notice and will serve the Supplemental Notice by first-class mail on all Utilities listed in such Supplemental Notice. The Debtors request that the Proposed Orders be binding on all Utilities, regardless of whether or when such Utility Company was added to the Utilities List by Supplemental Notice.

## BASIS FOR RELIEF REQUESTED

### A. Bankruptcy Code Section 366 Grants the Court the Discretion to Determine the Adequacy of the Debtors' Proposed Adequate Assurance.

17. The Utility Services are essential to the operation of the Debtors' business and will continue to be necessary during these Chapter 11 Cases. The termination or cessation (even if only temporary) of Utility Services because of payment defaults related to prepetition Utility Services would result in a significant disruption to the Debtors' business operations. Unanticipated delays in the Debtors' ability to meet their customers' needs would result in substantial and irreparable harm to the Debtors and would impair the Debtors' efforts to maximize the value of their estates during these Chapter 11 Cases. It is therefore critical that the Utility Services continue uninterrupted.

18. Bankruptcy Code section 366 provides that, in a chapter 11 case, during the initial thirty (30) days after the commencement of the case, utilities may not alter, refuse or discontinue service to, or discriminate against, a debtor solely on the basis of the commencement of its case or the existence of prepetition debts owed by the debtor. After the thirty-day period, however, under Bankruptcy Code section 366(c), utilities may discontinue service to a debtor if the debtor does not provide "adequate assurance of future performance" of its postpetition obligations in a form that is satisfactory to the utility, subject to the Court's ability to modify the amount of adequate assurance. 11 U.S.C. § 366(c)(2).

19. In addition, section 366(c)(3)(B) of the Bankruptcy Code restricts the factors a court can consider when determining whether an assurance of payment is adequate. Specifically, courts may not consider (a) the absence of a security deposit before a debtor's petition date, (b) a debtor's history of timely payments, or (c) the availability of an administrative expense priority, when determining the amount of a deposit.

20. While the Bankruptcy Code provides guidance as to the required nature of adequate assurance, the Court retains the discretion to determine the amount of adequate assurance necessary or to change the fundamental requirement that assurance of payment must simply be adequate. *Compare* 11 U.S.C. § 366(b) ("On request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment."), *with* § 366(c)(3)(A) ("On request of a party in interest and after notice and a hearing, the court may order modification of the amount of an assurance of payment under paragraph (2) [which is governed by an adequacy standard]."); *see also In re Circuit City Stores, Inc.*, Case No. 08-35653 (KRH), 2009 Bankr. LEXIS 237, at *15-16 (Bankr. E.D. Va. Jan. 14, 2009) (finding that determinations of adequate assurance remain within the Court's discretion).

21. Courts construing section 366(b) of the Bankruptcy Code have long recognized that, in determining adequate assurance, the Court is not required to give the Utilities the equivalent of a guaranty of payment, but must only determine that the utility is not subject to an unreasonable risk of nonpayment for post-petition services. *See In re Santa Clara Circuits W., Inc.*, 27 B.R. 680, 685 (Bankr. D. Utah 1982) (*quoting In re George C. Frye Co.*, 7 B.R. 856, 858 (Bankr. D. Me. 1980)) ("[A]dequate assurance of payment does not mean guaranty of payment; but the Court must find that the utility is not subject to an unreasonable risk of future loss."); s*ee*

*also Circuit City*, 2009 Bankr. LEXIS 237, at *13 ("A debtor need not provide utility companies an absolute guarantee of payment."); *accord Long Island Lighting Co. v. The Great Atl. & Pac. Tea Co. (In re The Great Atl. & Pac. Tea Co.)*, Case No. 11-CV-1338 (CS), 2011 U.S. Dist. LEXIS 131621, at *18 (S.D.N.Y. Nov. 14, 2011); *S. Cal. Edison Co. v. Crystal Cathedral Ministries (In re Crystal Cathedral Ministries)*, 454 B.R. 124, 131 (Bankr. C.D. Cal. 2011); *In re New Rochelle Tel. Corp.*, 397 B.R. 633, 639 (Bankr. E.D.N.Y. 2008); *Steinebach v. Tucson Elec. Power Corp. (In re Steinebach)*, 303 B.R. 634, 641 (Bankr. D. Ariz. 2004); *In re Adelphia Bus. Sols., Inc.*, 280 B.R. 63, 80 (Bankr. S.D.N.Y. 2002). Historically, whether a utility is subject to an unreasonable risk of nonpayment must be determined from the facts and circumstances of each case. *See Santa Clara Circuits W.*, 27 B.R. at 685; *see also Adelphia Bus. Sols.*, 280 B.R. at 80; *accord Long Island Lighting*, 2011 U.S. Dist. LEXIS 131621, at *18; *Mass. Elec. Co. v. Keydata Corp. (In re Keydata Corp.)*, 12 B.R. 156, 158 (B.A.P. 1st Cir. D. Mass. 1981). While section 366(c) of the Bankruptcy Code limits the factors a court may consider, determinations of adequate assurance remain within the Court's discretion. *Cf. Long Island Lighting*, U.S. Dist. LEXIS 131621, at *20; *Steinebach*, 303 B.R. at 642; *Adelphia Bus. Sols.*, 280 B.R. at 80; *Marion Steel Co. v. Ohio Edison Co. (In re Marion Steel Co.)*, 35 B.R. 188, 195 (Bankr. D. Ohio 1983). The Debtors believe that the proposed Adequate Assurance is sufficient and reasonable and constitutes adequate assurance of payment under section 366(c) of the Bankruptcy Code.

22. Here, the Debtors believe that the Utilities have "adequate assurance of payment" even without the proposed Adequate Assurance Deposit. Contemporaneously herewith, the Debtors are seeking authorization to use cash collateral, which will enable them to pay their operating costs consistent with the proposed budget, including any utility costs, as they come due. The Debtors, thus, anticipate having sufficient resources to pay, and intend to pay, any and

all valid post-petition obligations for Utility Services in a timely manner. In addition, the Debtors' reliance on Utility Services for the operation of their businesses provides them with a powerful incentive to stay current on their utility obligations. These factors, which the Court may (and should) consider when determining the amount of any adequate assurance payments, justify a finding that no adequate assurance payments are required in the Chapter 11 Cases. Indeed, the Debtors respectfully submit that the proposed Adequate Assurance is more than sufficient to assure the Utility Companies of future payment.

23. Finally, the relief requested in this Motion, including the Assurance Procedures proposed herein, is similar to the relief granted in this district in recent chapter 11 cases. *See, e.g.*, *In re Fred's Inc.*, Case No. 19-11984 (CSS) (Bankr D. Del. Sept. 27, 2019); *In re Southcross Energy Partners, L.P.* (MFW) (Bankr. D. Del. April 23, 2019); *In re Pernix Sleep, Inc.*, Case No. 19-10323 (CSS) (Bankr. D. Del. Feb. 21, 2019); *In re TerraVia Holdings, Inc.*, Case No. 17-11655 (CCS) (Bankr. D. Del. Aug. 3, 2017); *In re Bonanza Creek Energy, Inc.*, Case No. 17-10015 (KJC) (Bankr. D. Del. Jan. 5, 2017); *In re Basic Energy Servs., Inc.*, Case No. 16-12320 (KJC) (Bankr. D. Del. Nov. 17, 2016); *In re Halcón Res. Corp.*, Case No. 16-11724 (BLS) (Bankr. D. Del. Aug. 19, 2016); *In re Venoco, Inc.*, Case No. 16-10655 (KG) (Bankr. D. Del. Apr. 21, 2016); *In re Magnum Hunter Res. Corp.*, Case No. 15-12533 (KG) (Bankr. D. Del. Jan. 11, 2016); *In re Offshore Grp. Inv. Ltd.*, Case No. 15-12422 (BLS) (Bankr. D. Del. Jan. 5, 2016); *In re Endeavour Operating Corp.*, Case No. 14-12308 (KJC) (Bankr. D. Del. Nov. 6, 2014).

24. Notwithstanding the foregoing, the Debtors believe that the proposed Adequate Assurance and the Assurance Procedures are reasonable, satisfy the requirements of section 366 of the Bankruptcy Code, and are necessary for the Debtors to carry out their reorganization

efforts. If they are not approved, the Debtors could be forced to address payment requests by any Utility Company in a disorganized manner, which would distract management from focusing on the Debtors' reorganization. Moreover, the Debtors could be surprised by a Utility Company unilaterally (a) deciding that it is not adequately protected, (b) discontinuing service, or (c) making an exorbitant demand for payment to continue service. Such discontinuation of Utility Service could put the Debtors' reorganization efforts in jeopardy.

**B. The Utility Companies Will Not Be Prejudiced by the Relief Requested.**

25. On a monthly basis, the Debtors receive individual invoices for Utility Services from the Utility Companies, with whom the Debtors have utility accounts. To the best of the Debtors' knowledge, there are no material defaults or arrearages with respect to the undisputed Utility Service invoices other than payment interruptions that may be caused by commencement of these Chapter 11 Cases.

26. The Debtors' proposed method of furnishing Adequate Assurance is not prejudicial to the rights of any Utility Company and is in the best interests of the Debtors' estates. Because uninterrupted Utility Services are vital to the continued operation of the Debtors' business and, consequently, to maximizing the value of their assets, the relief requested herein is necessary and in the best interests of the Debtors' estates and creditors. Such relief ensures that the Debtors' business operations will not be disrupted, and also provides the Utility Companies and the Debtors with an orderly, fair procedure for determining Adequate Assurance.

27. Accordingly, for all of the foregoing reasons, the Debtors submit that cause exists for granting the relief requested herein.

**THE REQUIREMENTS OF BANKRUPTCY RULE 6003 ARE SATISFIED**

28. For a debtor to obtain relief to make payments within twenty-one (21) days of the petition date, it must establish that making such payments satisfies the requirements mandated by

Bankruptcy Rule 6003 namely, the relief requested is necessary to avoid "immediate and irreparable harm."

29. As described above, immediate and irreparable harm would result if the relief requested herein is not granted. Accordingly, the Debtors submit that the requirements of Bankruptcy Rule 6003 are satisfied.

**WAIVER OF NOTICE REQUIREMENTS**

30. Given the nature of the relief requested herein, the Debtors respectfully request a waiver of (i) the notice requirements under Bankruptcy Rule 6004(a) and (ii) the 14-day stay under Bankruptcy Rule 6004(h), to the extent that either rule is applicable.

**DEBTORS' RESERVATION OF RIGHTS**

31. Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtors, a waiver of the Debtors' rights to dispute any claim, or an approval or assumption of any agreement, contract, or lease under Bankruptcy Code section 365. Likewise, if this Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

**NOTICE**

32. Notice of this Motion shall be given to (a) the Office of the United States Trustee for the District of Delaware, (b) the Debtors' thirty (30) largest unsecured creditors on a consolidated basis, (c) counsel to Natixis and counsel to BMO, (d) counsel to Riverstone, (e) the Utility Companies, (f) the United States Attorney for the District of Delaware, (g) the Internal Revenue Service, (h) the Securities and Exchange Commission, (i) any other party required to be provided notice under Local Rule 9013-1(m); and (i) any party that has requested notice pursuant

to Bankruptcy Rule 2002 as of the time of service. Due to the nature of the relief requested herein, the Debtors submit that no other or further notice need be provided.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Interim Order substantially in the form annexed as **Exhibit A** hereto granting the relief requested in this Motion on an interim basis, (b) schedule the Final Hearing on this Motion within twenty-eight (28) days of the Affiliate Petition Date or as soon as otherwise practicable thereafter to consider entry of the Final Order substantially in the form annexed as **Exhibit B** hereto and enter the Final Order, and (c) grant such other and further relief as may be just and proper.

Dated: November 8, 2019
Wilmington, Delaware

/s/ *Daniel B. Butz*
Robert J. Dehney (No. 3578)
Eric D. Schwartz (No. 3134)
Daniel Butz (No. 4227)
**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Email: rdehney@mnat.com
eschwartz@mnat.com
dbutz@mnat.com

- and -

Andrew K. Glenn (*pro hac vice* motion pending)
Matthew B. Stein (*pro hac vice* motion pending)
David J. Mark (*pro hac vice* motion pending)
**KASOWITZ BENSON TORRES LLP**
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800
Email: AGlenn@kasowitz.com
MStein@kasowitz.com
DMark@kasowitz.com

**PROPOSED COUNSEL FOR DEBTORS AND DEBTORS IN POSSESSION**

# **Exhibit A**

## **Proposed Interim Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| MTE HOLDINGS LLC, *et al.*,[1] | ) | Case No. 19-12269 (KBO) |
| Debtors. | ) | Joint Administration Requested |

**INTERIM ORDER (I) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICES, (II) DEEMING UTILITY COMPANIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE, (III) ESTABLISHING PROCEDURES FOR DETERMINING ADDITIONAL ADEQUATE ASSURANCE OF PAYMENT, AND (IV) SETTING A FINAL HEARING RELATED THERETO**

Upon the Motion[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of this Interim Order pursuant to Bankruptcy Code section 366, (i) prohibiting Utility Companies from altering, refusing, or discontinuing Utility Services, (ii) deeming Utility Companies adequately assured of future performance, (iii) scheduling a Final Hearing to consider entry of the Final Order to the extent that a hearing is necessary, and (iv) granting related relief, all as further described in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding in accordance with 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: MTE Holdings LLC. (7894); MTE Partners LLC. (1158); Olam Energy Resources I LLC (0770); MDC Energy LLC (9140); MDC Texas Operator LLC (1087); Ward I, LLC (6817); and MDC Reeves Energy LLC (3644). The Debtors' address is 280 East 96th Street, Suite 210, Indianapolis, Indiana 46240.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and upon the record of any hearing being held to consider the relief requested in the Motion; and upon the First Day Declaration and all proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

1. The Motion is granted on an interim basis to the extent provided herein.

2. Except as otherwise provided herein, the Debtors are authorized, but not directed, to pay on a timely basis, in accordance with their prepetition practices, all undisputed invoices for postpetition Utility Services provided by the Utility Companies to the Debtors.

3. Except as otherwise provided herein, the Debtors shall, on or before the date which is twenty (20) days after the date of the Motion, deposit the Utility Deposit into the Utility Deposit Account, to be held in escrow, pending further order of this Court. Such Utility Deposit shall constitute adequate assurance of payment for each Utility Company for postpetition Utility Services provided to the Debtors. The Utility Deposit Account may be either interest-bearing or non-interest-bearing at the Debtors' election.

4. The Utility Deposit Account shall be maintained with a minimum balance of $37,500 which may be adjusted by the Debtors: (a) to account for the termination of Utility Services by the Debtors regardless of any Requests and/or agreements with Utility Companies, *provided* that for any Utility Company for which the Utility Deposit is reduced, the Debtors shall have paid such Utility Company in full for any outstanding postpetition Utility Services before

reducing the Utility Deposit, and the Utility Company does not dispute that it has been paid in full for postpetition services; (b) in accordance with the terms of any agreement between the Debtors and the affected Utility Company; and (c) to account for the addition of a Utility Company to the Utility Service List.

5. Pending entry of the Final Order, the Utility Companies are prohibited from altering, refusing, or discontinuing Utility Services on the basis of (a) the commencement of the Debtors' Chapter 11 Cases, (b) any unpaid invoice for Utility Services, or (c) any objections to the Debtors' proposed Adequate Assurance requiring the Debtors to furnish any additional deposit or other security to the Utility Companies for the continued provision of Utility Services.

6. If any Utility Company believes additional Adequate Assurance is required, it may request such additional assurance by serving a Request upon: (a) the Debtors; (b) counsel to the Debtors; (c) the Office of the United States Trustee for the District of Delaware; (d) counsel to Natixis and BMO; (e) counsel to Riverstone; and (f) counsel to any statutory committee appointed in these Chapter 11 Cases.

7. Each Request must: (a) set forth the location(s) for which Utility Services are provided, the account number(s) for such location(s), and the outstanding balance for each account; (b) disclose any existing security deposit; and (c) provide an explanation of why the Utility Deposit is not sufficient Adequate Assurance of payment.

8. If the Debtors wish to dispute a Request, then they shall, within thirty (30) days after receipt of a Request (or such later date agreed to by the Debtors and the requesting party), file a Determination Motion pursuant to Bankruptcy Code section 366(c)(3) seeking a determination from this Court that the Utility Deposit, plus any additional consideration offered by the Debtors, constitutes Adequate Assurance of payment.

9. Pending notice and a hearing on a Determination Motion or other resolution of a Request, the Utility Company filing such Request shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of the commencement of these Chapter 11 Cases, unpaid charges for prepetition services, or any objections to the Debtors' proposed Adequate Assurance.

10. Without further order of this Court, the Debtors may enter into agreements granting additional Adequate Assurance to a Utility Company and/or extending the Debtors' time to file a Determination Motion. The Debtors may reduce the amount of the Utility Deposit by any amount allocated to a particular Utility Company to the extent consistent with any alternative adequate assurance arrangements mutually agreed to by the Debtors and the affected Utility Company.

11. The Utility Deposit shall automatically, without further order of the Court, be available to the Debtors upon the effective date of any chapter 11 plan for the Debtors, upon the closing date of a sale of substantially all of the Debtors' assets under section 363 of the Bankruptcy Code, or upon the closing of these Chapter 11 Cases; *provided* that there are no outstanding disputes related to postpetition payments owing to any Utility Company.

12. The Utility Deposit shall be deemed Adequate Assurance of payment for any Utility Company that fails to make a Request.

13. The relief granted herein is for all Utility Companies providing Utility Services to the Debtors and is not limited to those listed on the Utility Service List attached as **Annex 1** to this Interim Order. The Debtors are authorized to supplement, as necessary, the Utility Service List and this Interim Order shall apply to any such Utility Company that is subsequently added to the Utility Service List. Any such supplement to the Utility Service List shall be filed with this

Court and served with a copy of this Interim Order and the Motion on the applicable Utility Company.

14. The Debtors are authorized, but not directed, to issue postpetition checks or to affect postpetition fund transfer requests in replacement of any checks or fund transfer requests that are dishonored as a consequence of the Chapter 11 Cases with respect to the obligations approved herein.

15. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Interim Order in accordance with the Motion.

16. The banks and financial institutions on which checks were drawn or electronic payment requests made on account of obligations approved herein are authorized to receive, process, honor and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as being approved by this Interim Order.

17. As a condition of accepting an Adequate Assurance Deposit, each Utility Company shall be deemed to have stipulated that the Adequate Assurance Deposit constitutes adequate assurance of payment to such Utility Company within the meaning of section 366 of the Bankruptcy Code, absent further order from the Court, and shall be prohibited from challenging or opting out of the Assurance Procedures, filing a Request, or requesting any additional adequate assurance of payment of any kind at any time, notwithstanding any attempt by such Utility Company to reserve a right to seek any such relief.

18. The Utility Companies have been provided with adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code by virtue of the proposed Adequate

Assurance and the Assurance Procedures as proposed are hereby approved. As a result, the Utility Companies are prohibited from altering, refusing, or discontinuing Utility Services on account of prepetition amounts outstanding or on account of any perceived inadequacy of the Assurance Procedures, and the Debtors are not required to provide any additional adequate assurance beyond what is stated in this Order.

19. Each Utility Company shall be deemed to have adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code unless and until (a) the Debtors, in their sole discretion, agree to an alternative assurance of payment with the Utility Company or (b) the Court enters an order requiring that additional adequate assurance of payment be provided.

20. The Debtors are authorized to amend the Utilities List, in their sole discretion, to add any subsequently identified Utility Company. This Order shall be deemed to apply to any such Utility Company regardless of when such Utility Company may be added to the Utilities List by Supplemental Notice. The Debtors shall serve a copy of the Motion on any Utility Company that is subsequently added to the Utilities List. Such subsequently added Utility Company that objects to the entry of this Order must file an objection in accordance with the Bankruptcy Rules, the Local Rules, and the Assurance Procedures.

21. The Debtors shall increase the amount of the Adequate Assurance Deposit in the event an additional Utility Company is added to the Utilities List by an amount equal to two weeks of Utility Service provided by such additional Utility Company, calculated using the historical average for such payments over the past 12 months.

22. The Debtors may terminate any Utility Service and may reduce the Adequate Assurance Deposit by the amount held on account of such terminated Utility Service upon

payment of any final bill; provided, however, that there are no outstanding disputes related to post-petition payments due. The Debtors may amend the Utilities List to delete a Utility Company only if it has provided two weeks' advance notice to such Utility Company, and has not received any objection from such Utility Company. If an objection is received, the Debtors shall request a hearing before the Court at the next omnibus hearing date, or such other date that the Debtors and the Utility Company may agree upon.

23. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in this Interim Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim against the Debtors, the creation of an administrative priority claim on account of the prepetition obligations sought to be paid, or the assumption or adoption of any contract or agreement under Bankruptcy Code section 365.

24. The Debtors shall serve a copy of this Order upon each of the Utilities identified on the Utilities List by first-class mail.

25. The Debtors shall file a copy of any Supplemental Notice and serve such notice by first-class mail upon each of the Utility Companies identified therein.

26. The requirements set forth in Bankruptcy Rule 6003 are satisfied by the contents of the Motion.

27. The deadline by which objections to the Motion and the Final Order must be filed is [__________], 2019 at 4:00 p.m. (ET). Objections must be served on: (a) proposed counsel to the Debtors, (i) Kasowitz Benson Torres LLP, 1633 Broadway, New York, NY 10019-6799, Attn: Andrew K. Glenn, (AGlenn@kasowitz.com) and Matthew B. Stein, (MStein@kasowitz.com) and (ii) Morris, Nichols, Arsht, & Tunnell LLP; 1201 North Market Street, 16th Floor, P.O. Box 1347, Wilmington, DE 19899-1347, Attn: Robert J. Dehney,

(rdehney@mnat.com); (b) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street Suite 2207 Lockbox 35, Wilmington, Delaware 19801; (c) counsel to Natixis and counsel to BMO, (d) counsel to Riverstone; and (e) counsel to any statutory committee appointed in these Chapter 11 Cases. A final hearing, if required, on the Motion will be held on [________], 2019 at [___] (ET). If no objections are filed to the Motion, this Court may enter the Final Order without further notice or hearing.

28. The Debtors shall serve this Interim Order on the Utility Service List within forty-eight (48) hours of entry of this Interim Order.

29. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, this Interim Order shall be immediately effective and enforceable upon its entry.

30. To the extent that the Motion is inconsistent with this Interim Order, the terms of this Interim Order shall govern.

31. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Interim Order.

Dated: November __, 2019

_______________________________________
The Honorable Karen B. Owens
United States Bankruptcy Judge

**Annex 1**

**Utility Service List**

| Service | Vendor Name | Current/Prior Monthly Avg |
|---|---|---|
| Electricity - Reeves County | MidAmerican Energy Services, LLC | $ 55,000.00 |
| Electricity - Glasscock County | MidAmerican Energy Services, LLC | $ 20,000.00 |
| MDC Office - Network Connectivity | Grande Communications | $ 345.00 |

# Exhibit B

## Proposed Final Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| MTE HOLDINGS LLC, *et al.*,[1] | ) | Case No. 19-12269 (KBO) |
| Debtors. | ) | Joint Administration Requested |

**FINAL ORDER (I) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICES, (II) DEEMING UTILITY COMPANIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE, AND (III) ESTABLISHING PROCEDURES FOR DETERMINING ADDITIONAL ADEQUATE ASSURANCE OF PAYMENT**

Upon the Motion[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of this Final Order pursuant to Bankruptcy Code section 366, (i) prohibiting Utility Companies from altering, refusing, or discontinuing Utility Services, (ii) deeming Utility Companies adequately assured of future performance, (iii) establishing procedures for determining adequate assurance of payment, and (iv) granting related relief, all as further described in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding in accordance with 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and upon the record of any

1 The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: MTE Holdings LLC. (7894); MTE Partners LLC. (1158); Olam Energy Resources I LLC (0770); MDC Energy LLC (9140); MDC Texas Operator LLC (1087); Ward I, LLC (6817); and MDC Reeves Energy LLC (3644). The Debtors' address is 280 East 96th Street, Suite 210, Indianapolis, Indiana 46240.

2 Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

hearing being held to consider the relief requested in the Motion; and upon the First Day Declaration and all proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

1. The Motion is granted on a final basis to the extent provided herein.

2. Except as otherwise provided herein, the Debtors are authorized, but not directed, to pay on a timely basis, in accordance with their prepetition practices, all undisputed invoices for postpetition Utility Services provided by the Utility Companies to the Debtors.

3. Except as otherwise provided herein, the Debtors shall, on or before the date which is twenty (20) days after the date of the Motion, deposit the Utility Deposit into the Utility Deposit Account, to be held in escrow, pending further order of this Court. Such Utility Deposit shall constitute adequate assurance of payment for each Utility Company for postpetition Utility Services provided to the Debtors. The Utility Deposit Account may be either interest-bearing or non-interest-bearing at the Debtors' election.

4. The Utility Deposit Account shall be maintained with a minimum balance of $37,500 which may be adjusted by the Debtors: (a) to account for the termination of Utility Services by the Debtors regardless of any Requests and/or agreements with Utility Companies, *provided* that for any Utility Company for which the Utility Deposit is reduced, the Debtors shall have paid such Utility Company in full for any outstanding postpetition Utility Services before reducing the Utility Deposit, and the Utility Company does not dispute that it has been paid in

full for postpetition services; (b) in accordance with the terms of any agreement between the Debtors and the affected Utility Company; and (c) to account for the addition of a Utility Company to the Utility Service List.

5. The Utility Companies are prohibited from altering, refusing, or discontinuing Utility Services on the basis of (a) the commencement of the Debtors' Chapter 11 Cases, (b) any unpaid invoice for Utility Services, or (c) any objections to the Debtors' proposed Adequate Assurance requesting the Debtors to furnish any additional deposit or other security to the Utility Companies for the continued provision of Utility Services.

6. If any Utility Company believes additional Adequate Assurance is required, it may request such additional assurance by serving a Request upon: (a) the Debtors; (b) counsel to the Debtors; (c) the Office of the United States Trustee for the District of Delaware; (d) counsel to Natixis and BMO; (e) counsel to Riverstone; and (f) counsel to any statutory committee appointed in these Chapter 11 Cases.

7. Each Request must: (a) set forth the location(s) for which Utility Services are provided, the account number(s) for such location(s), and the outstanding balance for each account; (b) disclose any existing security deposit; and (c) provide an explanation of why the Utility Deposit is not sufficient Adequate Assurance of payment.

8. If the Debtors wish to dispute a Request, then they shall, within thirty (30) days after receipt of a Request (or such later date agreed to by the Debtors and the requesting party), file a Determination Motion pursuant to Bankruptcy Code section 366(c)(3) seeking a determination from this Court that the Utility Deposit, plus any additional consideration offered by the Debtors, constitutes Adequate Assurance of payment.

9. Pending notice and a hearing on a Determination Motion or other resolution of a Request, the Utility Company filing such Request shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of the commencement of these Chapter 11 Cases, unpaid charges for prepetition services, or any objections to the Debtors' proposed Adequate Assurance.

10. Without further order of this Court, the Debtors may enter into agreements granting additional Adequate Assurance to a Utility Company and/or extending the Debtors' time to file a Determination Motion. The Debtors may reduce the amount of the Utility Deposit by any amount allocated to a particular Utility Company to the extent consistent with any alternative adequate assurance arrangements mutually agreed to by the Debtors and the affected Utility Company.

11. The Utility Deposit shall automatically, without further order of the Court, be available to the Debtors upon the effective date of any chapter 11 plan for the Debtors, upon the closing date of a sale of substantially all of the Debtors' assets under section 363 of the Bankruptcy Code or upon the closing of these Chapter 11 Cases; *provided* that there are no outstanding disputes related to postpetition payments owing to any Utility Company.

12. The Utility Deposit shall be deemed Adequate Assurance of payment for any Utility Company that fails to make a Request.

13. The relief granted herein is for all Utility Companies providing Utility Services to the Debtors and is not limited to those listed on the Utility Service List attached as **Annex 1** to this Final Order. The Debtors are authorized to supplement, as necessary, the Utility Service List and this Final Order shall apply to any such Utility Company that is subsequently added to the Utility Service List. Any such supplement to the Utility Service List shall be filed with this

Court and served with a copy of this Final Order and the Motion on the applicable Utility Company.

14. The Debtors are authorized, but not directed, to issue postpetition checks or to affect postpetition fund transfer requests in replacement of any checks or fund transfer requests that are dishonored as a consequence of the Chapter 11 Cases with respect to the obligations approved herein.

15. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion.

16. The banks and financial institutions on which checks were drawn or electronic payment requests made on account of the obligations approved herein are authorized to receive, process, honor and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as being approved by this Final Order.

17. As a condition of accepting an Adequate Assurance Deposit, each Utility Company shall be deemed to have stipulated that the Adequate Assurance Deposit constitutes adequate assurance of payment to such Utility Company within the meaning of section 366 of the Bankruptcy Code, absent further order from the Court, and shall be prohibited from challenging or opting out of the Assurance Procedures, filing a Request, or requesting any additional adequate assurance of payment of any kind at any time, notwithstanding any attempt by such Utility Company to reserve a right to seek any such relief.

18. The Utility Companies have been provided with adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code by virtue of the proposed Adequate

Assurance and the Assurance Procedures as proposed are hereby approved. As a result, the Utility Companies are prohibited from altering, refusing, or discontinuing Utility Services on account of prepetition amounts outstanding or on account of any perceived inadequacy of the Assurance Procedures, and the Debtors are not required to provide any additional adequate assurance beyond what is stated in this Order.

19. Each Utility Company shall be deemed to have adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code unless and until (a) the Debtors, in their sole discretion, agree to an alternative assurance of payment with the Utility Company or (b) the Court enters an order requiring that additional adequate assurance of payment be provided.

20. The Debtors are authorized to amend the Utilities List, in their sole discretion, to add any subsequently identified Utility Company. This Order shall be deemed to apply to any such Utility Company regardless of when such Utility Company may be added to the Utilities List by Supplemental Notice. The Debtors shall serve a copy of the Motion on any Utility Company that is subsequently added to the Utilities List. Such subsequently added Utility Company that objects to the entry of this Order must file an objection in accordance with the Bankruptcy Rules, the Local Rules, and the Assurance Procedures.

21. The Debtors shall increase the amount of the Adequate Assurance Deposit in the event an additional Utility Company is added to the Utilities List by an amount equal to two weeks of Utility Service provided by such additional Utility Company, calculated using the historical average for such payments over the past 12 months.

22. The Debtors may terminate any Utility Service and may reduce the Adequate Assurance Deposit by the amount held on account of such terminated Utility Service upon

payment of any final bill; *provided, however*, that there are no outstanding disputes related to post-petition payments due. The Debtors may amend the Utilities List to delete a Utility Company only if it has provided two weeks' advance notice to such Utility Company, and has not received any objection from such Utility Company. If an objection is received, the Debtors shall request a hearing before the Court at the next omnibus hearing date, or such other date that the Debtors and the Utility Company may agree upon.

23. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in this Final Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim against the Debtors, the creation of an administrative priority claim on account of the prepetition obligations sought to be paid, or the assumption or adoption of any contract or agreement under Bankruptcy Code section 365.

24. The Debtors shall serve a copy of this Order upon each of the Utilities identified on the Utilities List by first-class mail.

25. 16. The Debtors shall file a copy of any Supplemental Notice and serve such notice by first-class mail upon each of the Utility Companies identified therein.

26. The Debtors shall serve this Final Order on the Utility Service List within forty-eight (48) hours of entry of this Final Order.

27. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, this Final Order shall be immediately effective and enforceable upon its entry.

28. To the extent that the Motion or the Interim Order is inconsistent with this Final Order, the terms of this Final Order shall govern.

29. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Final Order.

Dated: November __, 2019

_______________________________________
The Honorable Karen B. Owens
United States Bankruptcy Judge

## ANNEX 1

**Utility Service List**

| Service | Vendor Name | Current/Prior Monthly Avg |
|---|---|---|
| Electricity - Reeves County | MidAmerican Energy Services, LLC | $ 55,000.00 |
| Electricity - Glasscock County | MidAmerican Energy Services, LLC | $ 20,000.00 |
| MDC Office - Network Connectivity | Grande Communications | $ 345.00 |