**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| MTE HOLDINGS LLC, *et al.*, | ) | Case No. 19-12269 (KBO) |
| Debtors.[1] | ) | |
| | ) | Joint Administration Requested |
| | ) | |

**OBJECTION AND RESERVATION OF RIGHTS OF
RIVERSTONE CREDIT MANAGEMENT, LLC RELATED
TO CERTAIN OF THE DEBTORS' REQUESTED FIRST DAY RELIEF**

Riverstone Credit Management, LLC ("***Riverstone***" or the "***Agent***"), as administrative agent under that certain Term Loan Credit Agreement dated September 17, 2018 (the "***Credit Agreement***") by and among MTE Holdings, LLC ("***MTE***"), the Agent, and the lenders party thereto (the "***Lenders***"), by and through its undersigned counsel, respectfully submits this objection and reservation of rights with respect to certain of the Debtors' requested "first day" relief (this "***Objection***"). In support of this Objection, the Agent respectfully states as follows:[2]

**PRELIMINARY STATEMENT**

1. Following approximately two weeks of motion practice with respect to the Agent's Lift Stay Motion, MTE abruptly directed its subsidiaries to commence chapter 11 cases just one business day prior to the scheduled hearing. But MTE, and its principal, Mr. Mark Siffin, ignore that as a result of the Pledged Equity Vote, an action properly exercised by the Agent following numerous events of default, which the Debtors' filings to date do not factually

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: MTE Holdings LLC. (7894); MTE Partners LLC. (1158); Olam Energy Resources I LLC (0770); MDC Energy LLC (9140); MDC Texas Operator LLC (1087); Ward I, LLC (6817); and MDC Reeves Energy LLC (3644). The Debtors' address is 280 East 96th Street, Suite 210, Indianapolis, Indiana 46240.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the *Motion of Riverstone Credit Management,, LLC for an Order Granting Relief from the Automatic Stay to Permit Riverstone to Obtain Judicial Validation and Enforcement of Its Vote of the Pledged Equity* (the "***Lift Stay Motion***") [Docket No. 6].

US 6706202

contest, MTE did not have authority to unilaterally authorize the chapter 11 cases of its subsidiaries.  *See Price v. Gurney*, 324 U.S. 100 (1945).  Indeed, by filing the turnover action the Debtors implicitly acknowledge the validity of the Pledged Equity Vote.  In any event, the governance at MDC must be resolved in the near-term to allow the Debtors to move forward in their chapter 11 process.

2. To that end, the Agent will commence an adversary proceeding in this Court seeking a declaratory judgment validating and enforcing the Pledged Equity Vote.  Importantly, the Agent submits this adversary proceeding can be concluded on an expedited basis, particularly since there is not a dispute that the events of default exist and that the Agent exercised available remedies prepetition.  Enforcement of the Pledged Equity Vote will ensure there are independent, competent fiduciaries at MDC to guide the operating Debtors through their chapter 11 process.

3. The need for a steady, independent hand is critical and readily apparent.  MTE concealed many of its defaults for months and drew $120 million under the Credit Agreement through false certifications of compliance.  Mr. Siffin's declaration in support of the Debtors' first day relief establishes the Debtors did not engage with their stakeholders before the Petition Date.  The Debtors' lack of engagement with their key stakeholders ahead of filing bankruptcy petitions, for both the holding companies several weeks ago, and now the operating companies, is indicative of a broader concern the Agent has highlighted in its pleadings:  Mr. Siffin is mismanaging the Debtors to the detriment of their creditors and has demonstrated an unwillingness to act in a manner to protect those creditors' interests.[3]

---

[3] One way in which the Agent believes Mr. Siffin continues to exercise control over the Debtors is through his control of non-debtor Maefield Development Corporation, which provides management services to certain Debtors in exchange for a fee.  The Agent believes that any transfer of value from the Debtors to Maefield must be subject to the highest scrutiny.

US 6706202

4. The Agent and Lenders are not the only stakeholders deeply frustrated with the Debtors' continued lack of engagement in the days and months leading up to the Petition Date. Indeed, Natixis, as administrative agent under MDC's RBL facility, posted the Debtors' oil and gas properties for foreclosure hours before the operating Debtors filed their chapter 11 petitions. The Debtors' petitions also list outstanding unsecured debt of more than $122 million, consistent with the troubled financial picture described by the Agent in the Lift Stay Motion and the related reply.

5. For these reasons, in the immediate term, the Agent seeks to protect its rights with respect to the chapter 11 filings and the Debtors' requested first day relief in order to preserve the value of the Lenders' collateral. Accordingly, the Agent files this Objection to reserve all rights with respect to the Pledged Equity Vote and the governance changes at MDC effected thereby, to protect the value of the Lenders' collateral from further damage at the hands of Mr. Siffin, and to request adequate protection in connection therewith.

## JURISDICTION AND VENUE

6. The United States Bankruptcy Court for the District of Delaware (the "***Court***") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The Agent confirms its consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "***Local Rules***"), solely with respect to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties,

cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## ARGUMENT[4]

7. First, the Agent objects to the Debtors' use of cash collateral on the terms set forth in the proposed form of order because the Debtors have failed to provide the Agent with adequate protection or show any evidence for how they will do so. It is black letter law that secured creditors are entitled to adequate protection when they are stayed from enforcing remedies against their collateral. 3 *Collier on Bankruptcy* 361.02 (16th ed.). This principle applies to creditors with a lien on the equity of a debtor as readily as it applies to other collateral. *Cf. In re Saypol*, 31 B.R. 796, 804 (Bankr. S.D.N.Y. 1983) (finding creditor holding debtor's stock in a corporation as collateral to be adequately protected). Though the Agent does not hold a lien on the cash in MDC's bank accounts, it does hold a lien on MDC's equity, which MTE is presently and invalidly utilizing to control MDC, including by directing MDC to spend cash and take other actions detrimental to the value of the Agent's security. Accordingly, the Agent is entitled to adequate protection to the extent of any diminution in the value of its collateral. *In re Ayscue*, 123 B.R. 28 (Bankr. E.D. Va. 1990) (approving replacement lien on proceeds from sale of pledged stock as "adequate protection" of creditor's interest).

8. The Agent reserves all rights with respect to appropriate adequate protection for use of its collateral. However, at a minimum with respect to the interim relief requested, the Agent seeks full and immediate information access rights vis-à-vis the Debtors' books and records and general financial condition. On a prepetition basis, the Debtors failed to provide current financial information to the Agent as required under the Credit Agreement and as

---

[4] The Agent has conferred with the Debtors regarding the objections contained herein and the parties will continue to work toward a consensual resolution of the same.

requested on numerous occasions. As part of their first day relief, the Debtors propose to extend the deadline by which they must file schedules and statements in these chapter 11 cases into early next year. The Agent requests access to the Debtors' financial information immediately, and requests the Court order such access as one aspect of the adequate protection to which the Agent is entitled in exchange for the Debtors' interim use of its collateral. Indeed, the Debtors have not made *any* effort to negotiate with *any* stakeholders to date. Additionally, the Agent seeks other standard forms of adequate protection including, among other things, superpriority claims, replacement liens, and payment of documented fees and expenses in accordance with the Credit Agreement.

9. Second, the Agent objects to the Debtors' requested relief as it relates to cash management. The Debtors identify two bank accounts attributable to MTE.[5] These accounts contain cash on which the Agent holds a lien. While the Debtors' motion notes that they do not intend to use these bank accounts, the proposed order grants the Debtors broad authority to make changes to their cash management system without further order of the Court and without the consent of secured parties. The Agent objects to the Debtors taking any action pursuant to any order approving the Debtors' cash management motion as it relates to the MTE bank accounts without first obtaining the Agent's written consent.

## CONCLUSION

10. The Agent reserves all rights associated with the issues addressed in this Objection, and submits that the governance dispute at MDC must be resolved as soon as due process allows in order to validate the Agent's Pledged Equity Vote and confirm appropriate governance exists at the Debtors to manage their chapter 11 process.

---

[5] These accounts are held at BNY Mellon and numbered 2775838400 and 2775888400, respectively.

5

US 6706202

The Agent respectfully requests that the Court deny or modify the relief the Debtors seek in connection with their first day motions as forth herein, and grant such other and further relief to which the Agent may be justly entitled.

Dated:  November 12, 2019
   Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Jaclyn C. Weissgerber*
Robert S. Brady (No. 2847)
Edmon L. Morton (No. 3856)
Kenneth J. Enos (No. 4544)
Jaclyn C. Weissgerber (No. 6477)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1256

**VINSON & ELKINS LLP**

David S. Meyer (admitted *pro hac vice*)
Clifford Thau (admitted *pro hac vice*)
Marisa Antos-Fallon (admitted *pro hac vice*)
Jessica C. Peet (admitted *pro hac vice*)
666 Fifth Avenue, 26th Floor
New York, NY 10103-0040
Tel: 212.237.0000
Fax: 212.237.0100

**BAILEY & GLASSER LLP**

Brian A. Glasser (admitted *pro hac vice*)
Kevin W. Barrett (admitted *pro hac vice*)
1055 Thomas Jefferson Street NW, Suite 540
Washington, DC 20007
T: 202.463.2101
F: 202.463.2103

*Attorneys for the Agent*

US 6706202