## **EXHIBIT Y**

**Riverstone Credit Management LLC**
712 Fifth Avenue, 36th Floor
New York, NY  10015

September 13, 2019

**VIA EMAIL AND OVERNIGHT COURIER**
MTE Holdings LLC
Attention:  Mark Siffin
280 E. 96th Street, Suite 210
Indianapolis, IN  46240
Email: siffin@maefield.com

RE:  Term Loan Credit Agreement dated September 17, 2018 (as amended by that certain Limited Waiver and First Amendment dated as of February 22, 2019 (the "First Amendment") and as further amended or otherwise modified prior to the date hereof, the "Credit Agreement"), among MTE Holdings LLC, a Delaware liability company (the "Company" or "you"), the lenders party thereto as lenders (the "Lenders"), and Riverstone Credit Management, LLC, as administrative agent for the Lenders (the "Administrative Agent"); unless otherwise defined herein, all terms used herein which are defined in the Credit Agreement shall have the meaning assigned to such terms in the Credit Agreement, and unless otherwise stated, all references to sections shall be references to sections of the Credit Agreement.

Ladies and Gentlemen:

In connection with the discussions between you and the Lenders regarding certain operational issues of the Borrower, we are delivering this letter to you to (i) set forth the Lenders' concerns regarding such operational issues, including, but not limited to, the accounting, bookkeeping, preparation of financial reports, cash management and related accumulating balances of outstanding and aging trade payables, (ii) formally give notice to you of certain outstanding Events of Default under the Credit Agreement and (iii) reserve the Lenders' rights and remedies with respect to such Events of Default and any other Defaults or Events of Default that may be outstanding.  As you are aware, the Lenders have previously delivered a proposal to you pursuant to which the Lenders would consider waiving such Events of Default, modifying certain covenants and making other accommodations to you in order to provide a path forward for the Borrower.  The Lenders do not believe that the response you provided to their proposal was sufficient to address their concerns.  In particular, the Lenders are concerned that you have expressed an unwillingness to engage an independent financial consultant of national standing acceptable to the Lenders to assist in managing the operational issues described above.

In furtherance of the above and based upon information previously provided by the Borrower, to the knowledge of the Administrative Agent and the Lenders, the Borrower is currently not in compliance with the Credit Agreement as follows: the Borrower has (a) failed to deliver audited financial statements with respect to the Fiscal Year 2018 without a "going concern" or like qualification or exception and without any qualification or exception as to the scope of such

US 6581463v.5

MTE Holdings LLC
September 13, 2019
Page 2

audit as required by Section 5.1(c) of the Credit Agreement, and such failure remains ongoing, (b) incurred additional Indebtedness in the form of accounts payable that is or at one time was overdue for a period in excess of 90 days in violation of Section 6.1 of the Credit Agreement, (c) permitted the creation of, and associated filings related to, mechanics liens with respect to certain accounts payable, which mechanics liens were created not in the ordinary course of business and, with respect to a portion of such mechanics liens, are related to accounts payable that is or at one time was overdue for a period in excess of 90 days, which, in each case, is a violation of Section 6.2 of the Credit Agreement, (d) failed to submit a new APOD for approval by the Super-Majority Requisite Lender as required by Section 5.13 of the Credit Agreement upon the lapse of effectiveness of the most recent APOD approved pursuant to the First Amendment and (e) failed to deliver certain other reports and notices as required by Sections 5.1 and 5.2 of the Credit Agreement within the time periods provided for therein.

Please be advised that (i) each instance of non-compliance described in the foregoing clauses (a) through (e) of the previous paragraph currently constitutes an Event of Default under Section 8.1 of the Credit Agreement and (ii) the occurrence of certain "Events of Default" under the RBL Facility in connection with the events described in the foregoing clauses (a) through (e) of the previous paragraph constitutes an Event of Default under Section 8.1(b) of the Credit Agreement (the Events of Default described in the foregoing clauses (i) and (ii) are collectively referred to as the "Specified Events of Defaults"). Furthermore, certain other Defaults or Events of Default may have occurred which are continuing under the Credit Agreement and the other Loan Documents (the "Other Defaults").

You are hereby notified of the occurrence and continuance of the Specified Events of Default. Neither the Specified Events of Default nor any Other Defaults have been waived by the Administrative Agent or Lenders. The Administrative Agent and Lenders hereby reserve each and every right and remedy available to them under the Credit Agreement, the other Loan Documents and applicable law resulting from or arising out of the Specified Events of Default and each Other Default. You are hereby notified that effective as of earliest date of occurrence of any Specified Event of Default, and continuing thereafter for so long as any Event of Default exists, the Obligations shall accrue interest at the rate set forth in Section 2.6(c) of the Credit Agreement. Please be advised that in accordance with, and pursuant to, the terms of the Credit Agreement, the Administrative Agent and the Lenders are entitled to exercise any and all rights and remedies available under the Loan Documents or applicable law including, without limitation, terminating the Commitments and accelerating the Obligations. This letter is not intended to constitute an exhaustive list of Defaults or prospective defaults by the Borrower.

You are further notified that no failure or delay on the part of the Administrative Agent or any Lender to exercise any right or remedy under the Credit Agreement, any other Loan Document or applicable law shall operate as a waiver thereof, nor shall any single or partial exercise of any right or remedy preclude any other or further exercise of any right or remedy, all of which are cumulative and may be exercised without notice except to the extent notice is expressly required (and has not been waived) under the Credit Agreement, the other Loan Documents and applicable law. Unless and until otherwise agreed in a writing signed by the Administrative Agent and the Requisite Lenders, in no event and under no circumstance shall any past, present or future

US 6581463v.5

MTE Holdings LLC
September 13, 2019
Page 3

negotiations, discussions or written communications with the Administrative Agent or any Lender or the Administrative Agent's or any Lender's delay in or forbearance from exercising any of its rights, powers, privileges or remedies under the Loan Documents or applicable law or any other indulgence granted by the Administrative Agent or any Lender: (i) cause an amendment, waiver or modification of the Loan Documents; (ii) establish a custom or course of dealing under the Loan Documents; (iii) operate as a waiver of any existing or future default under the Loan Documents (including, without limitation, the Specified Events of Default and the Other Defaults); (iv) entitle any Group Member to any other or further notice or demand; (v) modify, change, impair, affect, diminish or release any of the Borrower's or any other Group Member's obligations or liabilities under the Loan Documents; (vi) impair any other notice of default the Administrative Agent or any Lender has delivered (or will deliver), (vii) constitute an agreement of the Administrative Agent or any Lender to agree to any amendment or modification of the Loan Documents, or (viii) waive, limit, suspend or condition the Administrative Agent's or any Lender's rights, powers, privileges and remedies under the Loan Documents and applicable law, all of which rights, powers, privileges and remedies are expressly reserved.

This letter does not constitute (a) a waiver of the Specified Events of Default or any other Default or Event of Default, whether or not identified herein or (b) an agreement to forbear from exercising any rights and remedies available to the Administrative Agent and the Lenders pursuant to the terms of the Loan Documents or otherwise by law. Any future negotiations or discussions with any agent or representative of the Administrative Agent or any Lender regarding the Loan Documents shall not be binding upon the Administrative Agent and the Lenders unless and until any terms resulting from such negotiations or discussions are reduced to written agreement signed by the Administrative Agent and the Requisite Lenders. Any and all rights and remedies available to the Administrative Agent and the Lenders shall be cumulative and may be exercised separately, successively or concurrently at the sole discretion of the Administrative Agent and the Lenders. Nothing contained in this letter shall waive, modify, or limit any and all rights and remedies of the Administrative Agent under its contracts and documents, at law, in equity, or otherwise, all of which are expressly reserved.

Consistent with the proposal previously provided by the Lenders, the Administrative Agent and the Lenders strongly encourage the Borrower to engage an independent financial consultant of national standing acceptable to the Lenders to assist the Borrower with its ongoing operations related to, among other items, its accounting, bookkeeping, cash management and preparation of financial reports, in an effort to address the events and circumstances that have resulted in the Specified Events of Default, as more fully described in this letter.

In addition to the engagement of an independent financial consultant as referred to in the previous paragraph, the Administrative Agent and the Lenders also strongly encourage the Borrower to engage an independent financial advisor of national standing acceptable to the Lenders to assist the Borrower in conducting a strategic review process in contemplation of one or more strategic transactions, including, but not limited to, an asset sale, merger or an additional capital raise, in an effort to improve the Borrower's leverage and liquidity profile.

The Administrative Agent and the Lenders expect that any future amendment, waiver or other modification of the Credit Agreement that seeks to waive or otherwise address the Specified

MTE Holdings LLC
September 13, 2019
Page 4

Events of Default or any Other Default will be conditioned on the engagement of both an independent financial consultant of national standing acceptable to the Lenders and an independent financial advisor of national standing acceptable to the Lenders by the Borrower, in each case as contemplated by the foregoing paragraphs.

The Administrative Agent and the Lenders request that you deliver a proposal or other plan to the Administrative Agent and the Lenders within 3 business days of delivery of this letter, which proposal or other plan adequately addresses the issues identified in this letter and the related Specified Events of Default in a satisfactory manner, as well as, the name of the person or entity you propose to engage as the outside financial advisor.

Please contact the Administrative Agent with any questions you may have regarding the foregoing.

[Signature Page Follows]

US 6581463v.5

Sincerely,

**RIVERSTONE CREDIT MANAGEMENT, LLC,**
as Administrative Agent

By: _____
Name: ____Christopher A. Abbate____
Title: ____Managing Director_____