## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MTE HOLDINGS LLC, *et al.*,[1] | ) | Case No. 19-12269 (CSS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

### NOTICE OF AGENDA OF MATTERS SCHEDULED FOR HEARING
### ON FEBRUARY 24, 2020, AT 10:00 A.M. (ET)[2]

RESOLVED MATTER

1.    Motion for Entry of an Order (I) Extending the Debtors' Time to File Notices of Removal of Claims and Causes of Action Related to the Debtors' Chapter 11 Cases and (II) Granting Related Relief (D.I. 518, Filed 1/21/20).

      Objection Deadline: February 4, 2020, at 4:00 p.m. (ET).

      Responses Received:  None.

      Related Pleadings:

      a)    Certificate of No Objection Regarding Motion for Entry of an Order (I) Extending the Debtors' Time to File Notices of Removal of Claims and Causes of Action Related to the Debtors' Chapter 11 Cases and (II) Granting Related Relief (D.I. 588, Filed 2/14/20); and

      b)    Order (I) Extending the Debtors' Time to File Notices of Removal of Claims and Causes of Action Related to the Debtors' Chapter 11 Cases and (II) Granting Related Relief (D.I. 596, Entered 2/18/20).

      Status:  An order has been entered. No hearing is necessary.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: MTE Holdings LLC (7894); MTE Partners LLC (1158); Olam Energy Resources I LLC (0770); MDC Energy LLC (9140); MDC Texas Operator LLC (1087); Ward I, LLC (6817); and MDC Reeves Energy LLC (3644).  The Debtors' address is 280 East 96th Street, Suite 210, Indianapolis, Indiana 46240.

[2]    This hearing will be held before the Honorable Christopher S. Sontchi, Chief United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware located at 824 North Market Street, 5th Floor, Courtroom 6, Wilmington, Delaware 19801.

MATTERS UNDER CERTIFICATION

2.      Debtors' Motion for Entry of Order Extending Time to Assume or Reject Unexpired Leases of Nonresidential Real Property (D.I. 575, Filed 2/10/20).

Objection Deadline:  February 18, 2020, at 4:00 p.m. (ET).

Responses Received:  None.

Related Pleadings:

        a)      Certificate of No Objection Regarding the Debtors' Motion for Entry of Order Extending Time to Assume or Reject Unexpired Leases of Nonresidential Real Property (D.I. 618, Filed 2/20/20).

Status:  A certificate of no objection has been filed.  No hearing is necessary unless the court has questions.

CONTINUED MATTERS

3.      Waterbridge Texas Midstream LLC's Motion to Compel Debtor to (I) Assume or Reject an Executory Contract and (II) Direct Immediate Payment of Administrative Expenses (D.I. 270, filed 12/12/19).

Objection Deadline:  Extended to February 27, 2020, at 4:00 p.m. (ET) for the Debtors.

Responses Received:

a)      Natixis' Objection to Waterbridge Texas Midstream LLC's Motion to Compel Debtor to (I) Assume or Reject and Executory Contract and (II) Direct Immediate Payment of Administrative Expenses (D.I. 358, Filed 12/26/19); and

b)      Joinder And Reservation of Rights of Riverstone Credit Management, LLC Regarding Texas Midstream LLC's Motion to Compel Debtor to (I) Assume or Reject an Executory Contract and (II) Direct Immediate Payment of Administrative Expenses (D.I 362, Filed 12/26/19).

Related Pleadings:

a)      [SEALED] Notice of Filing of Water Management Services Agreement (D.I. 354, Filed 12/24/19);

b)      Motion for Entry of an Order Authorizing Waterbridge Texas Midstream LLC to File Document Under Seal (D.I. 355, Filed 12/24/19); and

c)      Certification of No Objection to Motion for Entry of an Order Authorizing Waterbridge Texas Midstream LLC to File Document Under Seal (D.I. 419, Filed 1/8/20).

Status:  This matter has been continued to the hearing scheduled for March 5, 2020, at 1:00 p.m. (ET).

## MATTERS GOING FORWARD

4.      Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue Using Existing Centralized Cash Management System, (B) Honor Certain Prepetition Obligations Related to the Use of the Cash Management System, and (C) Maintain Existing Bank Accounts and Check Stock and (II) Granting Related Relief (D.I. 47, Filed 11/8/19).

Objection Deadline: February 10, 2020, at 4:00 p.m. (ET).

Responses Received:

a)      Objection and Reservation of Rights of Riverstone Credit Management, LLC Related to Certain of the Debtors' Requested First Day Relief (D.I. 63, Filed 11/12/19);

b)      Natixis' Omnibus Objection to Debtors' First Day Motions (D.I. 69, Filed 11/12/19); and

c)      Joinder of the Ad Hoc Committee of Service Providers to Natixis' Omnibus Objection to Debtors' First Day Motions (D.I. 167, Filed 12/4/19).

Related Pleadings:

a)      Interim Order (I) Authorizing the Debtors to (A) Continue Using Existing Centralized Cash Management System, (B) Honor Certain Prepetition Obligations Related to the Use of the Cash Management System, and (C) Maintain Existing Bank Accounts and Check Stock and (II) Granting Related Relief (D.I. 98, Entered 11/15/19);

b)      Second Interim Order (I) Authorizing the Debtors to (A) Continue Using Existing Centralized Cash Management System, (B) Honor Certain Prepetition Obligations Related to the Use of the Cash Management System, and (C) Maintain Existing Bank Accounts and Check Stock and (II) Granting Related Relief (D.I. 215, Entered 12/9/19);

c)      Certificate of Counsel Regarding Third Interim Order (I) Authorizing the Debtors to (A) Continue Using Existing Centralized Cash Management  System, (B) Honor  Certain  Prepetition  Obligations  Related  to  the  Use  of  the  Cash

Management System, and (C) Maintain Existing Bank Accounts and Check Stock and (II) Granting Related Relief (D.I. 409, Filed 1/7/20); and

d)    Third Interim Order (I) Authorizing the Debtors to (A) Continue Using Existing Centralized Cash Management  System, (B) Honor Certain Prepetition Obligations Related to the Use of the Cash Management System, and (C) Maintain Existing Bank Accounts and Check Stock and (II) Granting Related Relief (D.I. 420, Entered 1/8/20).

Status:  This matter is going forward.

5.    Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Use of Cash Collateral (II) Providing Adequate Protection to the Secured Lender; (III) Modifying Automatic Stay Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, and 507; and (IV) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c) and Local Rule 4001-2 (D.I. 49, Filed 11/8/19).

Objection Deadline: February 18, 2020, at 4:00 p.m. (ET).

Responses Received:

a)    Objection and Reservation of Rights of Riverstone Credit Management, LLC Related to Certain of the Debtors' Requested First Day Relief (D.I. 63, Filed 11/12/19);

b)    Natixis' Omnibus Objection to Debtors' First Day Motions (D.I. 69, Filed 11/12/19);

c)    The County of Reeves Tax Districts, Texas' Objection to the Interim Order Under Bankruptcy Code Sections 105(a), 361, 362, 363, 503, and 507, Bankruptcy Rules 4001 and 9014 (I) Authorizing Debtors to Use Cash Collateral; (II) Granting Adequate Protection to Prepetition Secured Parties; (III) Modifying Automatic Stay; and (IV) Granting Related Relief (D.I. 183, Filed 12/5/19);

d)    Limited Objection of Luxe Energy LLC to Entry of Final Order Approving Cash Collateral Motion (D.I. 193, Filed 12/6/19);

e)    Natixis' Objection to Final Approval of Debtors' Cash Collateral Motion (D.I. 194, Filed 12/6/19);

f)    Limited Objection of Pilot Thomas Logisitics, LLC to the Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Use of Cash Collateral (II) Providing Adequate Protection to the Secured Lender; (III) Modifying Automatic Stay Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, and 507; and (IV) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c) and Local Rule 4001-2 (D.I. 195, Filed 12/6/19);

g)      Joinder to Limited Objection of Pilot Thomas Logisitics, LLC to the Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Use of Cash Collateral (II) Providing Adequate Protection to the Secured Lender; (III) Modifying Automatic Stay Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, and 507; and (IV) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c) and Local Rule 4001-2 (D.I. 196, Filed 12/6/19);

h)      Objection of the Ad Hoc Committee of Service Providers to Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Use of Cash Collateral (II) Providing Adequate Protection to the Secured Lender; (III) Modifying Automatic Stay Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, and 507; and (IV) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c) and Local Rule 4001-2 (D.I. 197, Filed 12/6/19);

i)      Preliminary Objection of Riverstone Credit Management, LLC to Entry of an Order Authorizing the Use of Cash Collateral (D.I. 199, Filed 12/6/19);

j)      Joinder and Objection of Alamo Pressure Pumping, LLC to Objection of the Ad Hoc Committee of Service Providers to Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Use of Cash Collateral (II) Providing Adequate Protection to the Secured Lender; (III) Modifying Automatic Stay Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, and 507; and (IV) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c) and Local Rule 4001-2 (D.I. 200, Filed 12/6/19);

k)      Joinder of the Service Provider Group to Objection of the Ad Hoc Committee of Service Providers to Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Use of Cash Collateral (II) Providing Adequate Protection to the Secured Lender; (III) Modifying Automatic Stay Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, and 507; and (IV) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c) and Local Rule 4001-2 (D.I. 210, Filed 12/6/19);

l)      Joinder and Objection of B&L Pipeco Services, Inc. to Objection of the Ad Hoc Committee of Service Providers to Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Use of Cash Collateral (II) Providing Adequate Protection to the Secured Lender; (III) Modifying Automatic Stay Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, and 507; and (IV) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c) and Local Rule 4001-2 (D.I. 211, Filed 12/6/19);

m)      Baker Hughes, GE Oil & Gas Pressure Control, Schlumberger, Smith International and Nabors' Limited Objection to Interim Order Under Bankruptcy Code Sections 105(a), 361, 362, 363, 503, and 507, Bankruptcy Rules 4001 and 9014 (I) Authorizing Debtors to Use Cash Collateral; (II) Granting Adequate

Protection to Prepetition Secured Parties; (III) Modifying Automatic Stay; and (IV) Granting Related Relief (D.I. 212, Filed 12/6/19);

n)    Joinder of Mineral Lienholders to Objection of the Ad Hoc Committee of Service Providers to Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Use of Cash Collateral (II) Providing Adequate Protection to the Secured Lender; (III) Modifying Automatic Stay Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, and 507; and (IV) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c) and Local Rule 4001-2 (D.I. 232, Filed 12/11/19);

o)    Joinder of Moser Engine Service, Inc. to Objection of the Ad Hoc Committee of Service Providers to Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Use of Cash Collateral (II) Providing Adequate Protection to the Secured Lender; (III) Modifying Automatic Stay Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, and 507; and (IV) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c) and Local Rule 4001-2 (D.I. 238, Filed 12/11/19);

p)    Joinder to (I) Limited Objection of Pilot Thomas Logistics, LLC and (II) Objection of the Ad Hoc Committee of Service Providers to Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Use of Cash Collateral (II) Providing Adequate Protection to the Secured Lender; (III) Modifying Automatic Stay Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, and 507; and (IV) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c) and Local Rule 4001-2 (D.I. 241, Filed 12/11/19);

q)    Joinder of Patriot Premium Threading Services, LLC, Trans-Tex Dyno Services, LLC, and Trans-Tex Cementing Services, LLC to the Objection of the Ad Hoc Committee of Service Providers to Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Use of Cash Collateral (II) Providing Adequate Protection to the Secured Lender; (III) Modifying Automatic Stay Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, and 507; and (IV) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c) and Local Rule 4001-2 (D.I. 250, Filed 12/11/19);

r)    Joinder of FTS International Services, LLC to Objection of the Ad Hoc Committee of Service Providers to Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Use of Cash Collateral (II) Providing Adequate Protection to the Secured Lender; (III) Modifying Automatic Stay Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, and 507; and (IV) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c) and Local Rule 4001-2 (D.I. 261, Filed 12/12/19);

s)    Joinder of Impac Exploration Services, Inc. to Objection of the Ad Hoc Committee of Service Providers to Debtors' Motion for Entry of Interim and Final

Orders (I) Authorizing the Use of Cash Collateral; (II) Providing Adequate Protection to the Secured Lender; (III) Modifying Automatic Stay; and (IV) Scheduling Final Hearing (D.I. 268, Filed 12/12/19);

t)    Joinder of Aim Directional Services, LLC to Objection of the Ad Hoc Committee of Service Providers to Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Use of Cash Collateral; (II) Providing Adequate Protection to the Secured Lender; (III) Modifying Automatic Stay; and (IV) Scheduling Final Hearing (D.I. 269, Filed 12/12/19);

u)    Joinder of TanMar Rentals, LLC to Objection of the Ad Hoc Committee of Service Providers to Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Use of Cash Collateral (II) Providing Adequate Protection to the Secured Lender; (III) Modifying Automatic Stay; and (IV) Scheduling Final Hearing (D.I. 415, Filed 1/8/20);

v)    Joinder of Topographic, Inc. to Objection of the Ad Hoc Committee of Service Providers to Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Use of Cash Collateral (II) Providing Adequate Protection to the Secured Lender; (III) Modifying Automatic Stay; and (IV) Scheduling Final Hearing (D.I. 417, Filed 1/8/20);

w)    Preliminary Objection of Riverstone Credit Management, LLC to Entry of an Order Authorizing the Use of Cash Collateral (D.I. 431, Filed 1/8/20);

x)    Joinder of Valence Drilling Fluids, LLC to Objection of the Ad Hoc Committee of Service Providers to Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Use of Cash Collateral (II) Providing Adequate Protection to the Secured Lender; (III) Modifying Automatic Stay; and (IV) Scheduling Final Hearing (D.I. 432, Filed 1/8/20);

y)    Joinder of KLX Energy Services LLC's to Ad Hoc Committee of Service Providers to Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Use of Cash Collateral (II) Providing Adequate Protection to the Secured Lender; (III) Modifying Automatic Stay Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, and 507; and (IV) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c) and Local Rule 4001-2 (D.I. 435, Filed 1/8/20);

z)    Natixis' Renewed and Continued Objection to Final Approval of Debtors' Cash Collateral Motion (D.I. 437, Filed 1/8/20);

aa)   Joinder of Man on Fire Welding, LLC, and Chase Harris, Inc. to Objection of the Ad Hoc Committee of Service Providers to Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Use of Cash Collateral (II) Providing Adequate Protection to the Secured Lender; (III) Modifying Automatic Stay Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, and 507; and (IV) Scheduling Final

Hearing Pursuant to Bankruptcy Rules 4001(b) and (c) and Local Rule 4001-2 (D.I. 467, Filed 1/13/20);

bb)    Joinder of Nexus II Directional Drilling Specialists Ltd. to the Objection of the Ad Hoc Committee of Service Providers to Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Use of Cash Collateral (II) Providing Adequate Protection to the Secured Lender; (III) Modifying Automatic Stay Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, and 507; and (IV) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c) and Local Rule 4001-2 (D.I. 471, Filed 1/14/20);

cc)    Natixis' Objection to Final Approval of Debtors' Cash Collateral Motion (D.I. 527, Filed 1/28/20);

dd)    Ad Hoc Committee of Service Providers' Renewed and Continued Objection to Final Approval of Debtors' Cash Collateral Motion (D.I. 529, Filed 1/28/20);

ee)    Joinder of Riverstone Credit Management, LLC to Natixis' Objection to Final Approval of Debtors' Cash Collateral Motion (D.I. 530, Filed 1/28/20);

ff)    Joinder of B&L Pipeco Services, Inc. to the Ad Hoc Committee of Service Providers' Renewed and Continued Objection to Final Approval of Debtors' Cash Collateral Motion (D.I. 544, Filed 1/31/20);

gg)    Supplemental Objection of Pilot Thomas Logisitics, LLC to the Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Use of Cash Collateral (II) Providing Adequate Protection to the Secured Lender; (III) Modifying Automatic Stay Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, and 507; and (IV) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c) and Local Rule 4001-2 (D.I. 597, Filed 2/18/20);

hh)    Administrative Agent's Reservation of Rights and Limited Objection to Debtors' Final Cash Collateral Motion (D.I. 601, Filed 2/18/20);

ii)    Supplement to Limited Objection of Luxe Energy LLC to Entry of Final Order Approving Cash Collateral Motion (D.I. 603, Filed 2/18/20);

jj)    Objection and Joinder of Aim Directional Services, LLC to Debtors' Motion for Entry of Final Order (I) Authorizing the Use of Cash Collateral; (II) Providing Adequate Protection to the Secured Lender; and (III) Modifying Automatic Stay (D.I. 604, Filed 2/18/20);

kk)    Objection and Joinder of Impac Exploration Services, Inc. to Debtors' Motion for Entry of Final Order (I) Authorizing the Use of Cash Collateral; (II) Providing Adequate Protection to the Secured Lender; and (III) Modifying Automatic Stay (D.I. 605, Filed 2/18/20);

ll)    Preliminary Objection and Reservation of Rights of Riverstone Credit Management, LLC (D.I. 607, Filed 2/18/20); and

mm)   Schlumberger, Smith International and Nabors' Supplement to Limited Objection to Interim Order Under Bankruptcy Code Sections 105(a), 361, 362, 363, 503, and 507, Bankruptcy Rules 4001 and 9014 (I) Authorizing Debtors to Use Cash Collateral; (II) Granting Adequate Protection to Prepetition Secured Parties; (III) Modifying Automatic Stay; and (IV) Granting Related Relief (D.I. 609, Filed 2/18/20).

<u>Related Pleadings</u>:

a)    Interim Order Under Bankruptcy Code Sections 105(a), 361, 362, 363, 503, and 507, Bankruptcy Rules 4001 and 9014 (I) Authorizing Debtors to Use Cash Collateral; (II) Granting Adequate Protection to Prepetition Secured Parties; (III) Modifying Automatic Stay; and (IV) Granting Related Relief (D.I. 112, Entered 11/19/19);

b)    Notice of Filing of Revised Budget (D.I. 288, Filed 12/16/19);

c)    Second Interim Order Under Bankruptcy Code Sections 105(a), 361, 362, 363, 503, and 507, Bankruptcy Rules 4001 and 9014 (I) Authorizing Debtors to Use Cash Collateral; (II) Granting Adequate Protection to Prepetition Secured Parties; (III) Modifying Automatic Stay; and (IV) Granting Related Relief (D.I. 297, Entered 12/17/19);

d)    Notice of Filing of Proposed Budget (D.I. 538, Filed 1/30/20);

e)    Motion for Leave to File Reply in Further Support of Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Use of Cash Collateral; (II) Providing Adequate Protection to the Secured Lender; (III) Modifying Automatic Stay Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, and 507; and (IV) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (b) And Local Rule 4001-2 (D.I. 541, Filed 1/31/20); and

f)    Fourth Interim Order Under Bankruptcy Code Sections 105(a), 361, 362, 363, 503, and 507, Bankruptcy Rules 4001 And 9014 (I) Authorizing Debtors to Use Cash Collateral; (II) Granting Adequate Protection to Prepetition Secured Parties; (III) Modifying Automatic Stay; and (IV) Granting Related Relief (D.I. 554, Filed 2/4/20).

<u>Status</u>:  This matter is going forward on a further interim basis.  The Debtors will submit a revised order at or prior to the hearing that includes an updated budget for a five-week interim period.

6.      Application of Debtors to Employ and Retain Conway MacKenzie Management Services, LLC as Financial Advisors to Certain of the Debtors, *Nunc Pro Tunc* to the Petition Date, for Services Rendered Through December 3, 2019 (D.I. 251, Filed 12/11/19).

Objection Deadline: December 26, 2019, at 4:00 p.m. (ET).

Responses Received:

a)      Natixis' Limited Objection to Debtors' Application to Employ Conway MacKenzie Management Services, LLC (D.I. 344, Filed 12/23/19);

b)      United States Trustee's Objection to Application of Debtors to Employ and Retain Conway MacKenzie Management Services, LLC as Financial Advisors to Certain of the Debtors, *Nunc Pro Tunc* to the Petition Date, for Services Rendered Through December 3, 2019 (D.I. 360, Filed 12/26/19); and

c)      Reservation of Rights of Riverstone Credit Management, LLC Regarding Debtors' Application to Employ Conway MacKenzie Management Services, LLC (D.I. 361, Filed 12/26/19).

Related Pleadings:  None.

Status:  The pending objections to this matter have been resolved in connection with the settlement motion (#10) and by agreed revisions to the order.  The Debtors will submit the revised order at or prior to the hearing.

7.      Application of Debtors to Employ and Retain CR3 Partners, LLC to Provide a Chief Restructuring Officer and Additional Personnel for the Debtors Pursuant to 11 U.S.C. § 363(b), *Nunc Pro Tunc* to the Petition Date (D.I. 350, Filed 12/23/19).

Objection Deadline: January 6, 2020, at 4:00 p.m. (ET).

Responses Received:

a)      Natixis' Objection to Debtors' Application to Employ and Retain CR3 Partners, LLC to Provide a Chief Restructuring Officer and Additional Personnel for the Debtors (D.I. 397, Filed 1/6/20);

b)      Omnibus Objection of Riverstone Credit Management, LLC to (I) Application of Debtors to Employ and Retain Parkman Whaling LLC as Financial Advisors and (II) Application of Debtors to Employ and Retain CR3 Partners, LLC to Provide a Chief Restructuring Officer and Additional Personnel for the Debtors Pursuant to 11 U.S.C. § 363(b) (D.I. 403, Filed 1/6/20);

c)    Limited Objection of the Ad Hoc Committee of Service Providers to Application of the Debtors to Employ and Retain CR3 Partners, LLC to Provide a Chief Restructuring Officer and Additional Personnel for the Debtors Pursuant to 11 U.S.C. § 363(b), *Nunc Pro Tunc* to the Petition Date (D.I. 404, Filed 1/6/20); and

d)    Informal Comments from the United States Trustee.

Related Pleadings:  None.

Status:  The pending objections to this matter have been resolved in connection with the settlement motion (#10) and by agreed revisions to the order.  The Debtors will submit the revised order at or prior to the hearing.

8.    Application of Debtors to Employ and Retain Parkman Whaling LLC as Financial Advisors to the Debtors, *Nunc Pro Tunc* to December 18, 2019 (D.I. 352, Filed 12/23/19).

Objection Deadline:  January 6, 2020, at 4:00 p.m. (ET).

Responses Received:

a)    Natixis' Objection to Debtors' Application to Employ and Retain Parkman Whaling LLC as Financial Advisors (D.I. 398, Filed 1/6/20);

b)    Omnibus Objection of Riverstone Credit Management, LLC to (I) Application of Debtors to Employ and Retain Parkman Whaling LLC as Financial Advisors and (II) Application of Debtors to Employ and Retain CR3 Partners, LLC to Provide a Chief Restructuring Officer and Additional Personnel for the Debtors Pursuant to 11 U.S.C. § 363(b) (D.I. 403, Filed 1/6/20); and

c)    Informal Comments from the United States Trustee.

Related Pleadings:

a)    Supplemental Declaration of Bruce E. Campbell III in Support of Application of the Debtors to Employ and Retain Parkman Whaling LLC as Financial Advisors to the Debtors, *Nunc Pro Tunc* to the Petition Date (D.I. 563, Filed 2/5/20);

Status:  This matter is going forward.

9.    Motion for an Order Authorizing the Debtors to File Under Seal the Debtors' Omnibus Objection to (I) Motions of (A) Natixis, New York Branch, (B) Riverstone Credit Management, LLC, (C) The Ad Hoc Committee of Service Providers, and (D) The United States Trustee for Appointment of a Chapter 11 Trustee, and (II) Alternative Motions of (A) Natixis, New York Branch, and (B) The United States Trustee Seeking an Examiner and Certain Exhibits Thereto (D.I. 468, Filed 1/13/20).

Objection Deadline:  At or Prior to the Hearing.

Responses Received:  None.

Related Pleadings:

a)      [SEALED] Debtors' Omnibus Objection to (I) Motions of (A) Natixis, New York Branch, (B) Riverstone Credit Management, LLC, (C) The Ad Hoc Committee of Service Providers, and (D) The United States Trustee for Appointment of a Chapter 11 Trustee, and (II) Alternative Motions of (A) Natixis, New York Branch, and (B) The United States Trustee Seeking an Examiner (D.I. 465, Filed 1/13/20); and

b)      [SEALED] Declaration of Daniel B. Butz in Support of Debtors' Omnibus Objection to (I) Motions of (A) Natixis, New York Branch, (B) Riverstone Credit Management, LLC, (C) The Ad Hoc Committee of Service Providers, and (D) The United States Trustee for Appointment of a Chapter 11 Trustee, and (II) Alternative Motions of (A) Natixis, New York Branch, and (B) The United States Trustee Seeking an Examiner (D.I. 466, Filed 1/13/20).

Status:  This matter is going forward.

10.     Application of Debtors to Employ and Retain Ankura Consulting Group, LLC to Provide a Chief Restructuring Officer and Additional Personnel for the Debtors Pursuant to 11 U.S.C. § 363(b), *Nunc Pro Tunc* to February 4, 2020 (D.I. 561, Filed 2/5/20).

Objection Deadline:  Extended to February 20, 2020, at 4:00 p.m. (ET) for the United States Trustee.

Responses Received:

a)      Administrative Agent's Reservation of Rights and Limited Objection to Debtors' Application to Employ and Retain Ankura Consulting Group, LLC to Provide a Chief Restructuring Officer and Additional Personnel for the Debtors Pursuant to 11 U.S.C. § 363(b), *Nunc Pro Tunc* to February 4, 2020 (D.I. 600, Filed 2/18/20);

b)      Informal Comments from the United States Trustee; and

c)      Informal Comments from Natixis, New York Branch.

Related Pleadings:

a)      Debtors' Motion for Entry of an Order Shortening Notice of Application of Debtors to Employ and Retain Ankura Consulting Group, LLC to Provide a Chief

Restructuring Officer and Additional Personnel for the Debtors Pursuant to 11 U.S.C. § 363(b), *Nunc Pro Tunc* to February 4, 2020 (D.I. 564, Filed 2/6/20); and

b)   Order Shortening Notice of Application of Debtors to Employ and Retain Ankura Consulting Group, LLC to Provide a Chief Restructuring Officer and Additional Personnel for the Debtors Pursuant to 11 U.S.C. § 363(b), *Nunc Pro Tunc* to February 4, 2020 (D.I. 565, Entered 2/6/20).

Status:  This matter is going forward.

11.   Debtors' Motion Pursuant To Bankruptcy Rule 9019 for an Order Approving Settlement and Allowing for Performance Under Settlement to (I) Amend Operating Agreements of Certain Debtors to Provide for the Constitution of a Board of Managers and Appointment of Managers Including Independent Managers and (II) Granting Related Relief (D.I. 562, Filed 2/5/20).

Objection Deadline:  February 18, 2020, at 4:00 p.m. (ET).

Responses Received:

a)   Informal Comments from the United States Trustee.

Related Pleadings:

a)   Notice of Filing of Stipulation Authorizing Settlement Pursuant to Federal Rule of Bankruptcy Procedure 9019 (D.I. 548, Filed 2/3/20).

Status:  This matter is going forward.

12.   Debtors' Motion for Entry of an Order Pursuant to Section 1121(d) of the Bankruptcy Code Extending Their Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof (D.I. 574, Filed 2/10/14).

Objection Deadline:  February 18, 2020, at 4:00 p.m. (ET).

Responses Received:

a)   Preliminary Objection and Reservation of Rights of Riverstone Credit Management, LLC (D.I. 607, Filed 2/18/20).

Related Pleadings:  None.

Status:  This matter is going forward.

Dated: February 20, 2020
      Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Brett S. Turlington*
Robert J. Dehney (No. 3578)
Eric D. Schwartz (No. 3134)
Brett S. Turlington (No. 6705)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone:  (302) 658-9200
Facsimile:  (302) 658-3989
Email:  rdehney@mnat.com
        eschwartz@mnat.com
        bturlington@mnat.com

- and –

Andrew K. Glenn (admitted *pro hac vice*)
Matthew B. Stein (admitted *pro hac vice*)
David J. Mark (admitted *pro hac vice*)
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, New York 10019
Telephone:  (212) 506-1700
Facsimile:  (212) 506-1800
Email:  AGlenn@kasowitz.com
        MStein@kasowitz.com
        DMark@kasowitz.com

*Co-Counsel and Proposed Counsel for Debtors and Debtors in Possession*