IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MTE HOLDINGS LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-12269 (CSS)<br><br>(Jointly Administered) |
| MEYER ENERGY SERVICES, LLC<br><br>Plaintiff,<br><br>v.<br><br>MDC TEXAS OPERATOR LLC, MDC ENERGY LLC d/b/a MCD TEXAS ENERGY LLC, MCD REEVES ENERGY LLC, and NATIXIS, NEW YORK BRANCH,<br><br>Defendants. | Adv. Proc. No. |

**COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT TO DETERMINE VALIDITY, PRIORITY, AND EXTENT OF LIENS ON THE DEBTORS' PROPERTY**

COMES NOW Plaintiff Meyer Energy Services, LLC, by and through its undersigned counsel, and hereby files this *Complaint and Request for Declaratory Judgment to Determine Validity, Priority, and Extent of Liens on the Debtors' Property* pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Rules"); the *Order Establishing Procedures to Determine the Validity, Priority, and Extent of Liens Asserted by Statutory Lien Claimants* (D.I. 1150 ) and the *Final Order Under Bankruptcy Code Sections 105(a), 361, 362, 363, 503, and*

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: MTE Holdings LLC ("MTE") (7894); MTE Partners LLC ("MTE Partners") (1158); Olam Energy Resources I LLC "Olam") (0770); MDC Energy LLC ("MDC") (9140); MDC Texas Operator LLC (1087); Ward I, LLC (6817); and MDC Reeves Energy LLC (3644) (collectively, the "Debtors"). The Debtors' address is 280 East 96th Street, Suite 210, Indianapolis, Indiana 46240.

1

*507, Bankruptcy Rules 4001 and 9014 (I) Authorizing Debtors to Use Cash Collateral; (II) Granting Adequate Protection to Prepetition Secured Parties; (III) Modifying Automatic Stay; and (IV) Granting Related Relief* [D.I. 1092] and respectfully shows as follows:

### Parties

1.      Plaintiff Meyer Energy Services, LLC ("Meyer" or "Plaintiff") is a Texas limited liability company with its principal place of business located in Midland, Texas.

2.      Defendant MDC Texas Operator LLC ("MDC Texas" or "Defendant")) is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Midland, Texas.

3.      Defendant MDC Energy LLC d/b/a MCD Texas Energy LLC ("MDC Energy" or "Defendant") is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Midland, Texas.

4.      Defendant MDC Reeves Energy LLC ("MDC Reeves" or "Defendant") is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Midland, Texas.

5.      Defendant Natixis, New York Branch ("Natixis") is the administrative agent of certain of the Debtors' pre-petition lenders and other secured parties (collectively, the "Lenders" and, together with Natixis, the "Prepetition Secured Parties") in connection with a $60 million credit facility under that certain Credit Agreement dated as of September 17, 2018, (the "Credit Agreement") with the Debtors.

### Jurisdiction and Venue

6. Debtor Defendants MDC Texas and MCD Energy are debtors in the above-captioned jointly administered chapter 11 cases styled In re MTE Holdings LLC, Case No. 19-12269 (CSS) (Bankr. D. Del.) (the "Cases"), pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

7. This Court has jurisdiction over the Cases and this Complaint pursuant to 28 U.S.C. §§ 157(a), and 1334(a), and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012. Jurisdiction to grant declaratory relief exists pursuant to 28 U.S.C. §§ 2201 and 2202, 11 U.S.C. § 105, and Fed. R. Bankr. P. 7001(2) and 7001(9).

8. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (K), and (M).

9. Venue of the Cases and this adversary proceeding in this district is proper under 28 U.S.C. §§ 1408 and 1409.

10. Pursuant to Fed. R. Bankr. 7008 and Rule 7008-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), Meyer consents to the Court's entry of a final judgment or order with respect to the adversary proceeding if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**Nature of Action**

11. This is an action pursuant to Fed. R. Bankr. 7001(2) and 7001(9) and the Declaratory Judgment Act (28 U.S.C. § 2201).

12. By this Complaint, Meyer seeks entry of a judgment from this Court determining the priority of Meyer's statutory mineral interest liens and the prepetition and post-petition liens

and security interests of the Prepetition Secured Parties. Specifically, Meyer seeks a determination that (i) Meyer holds a valid, fully-perfected, and enforceable statutory mineral lien in the amount of $96,185.75 on certain of the Debtors' property, and (ii) such valid, fully-perfected, and enforceable statutory mineral lien is senior in priority to the prepetition and post-petition lien claims of the Prepetition Secured Parties.

## Procedural Background

13.     On October 22, 2019, debtor MTE Holdings LLC filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On October 23, 2019, debtors MTE Partners LLC and Olam Energy Resources I LLC filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. On November 8, 2019, MDC Energy LLC d/b/a MDC Texas Energy LLC; MDC Reeves, MDC Texas Operator LLC, and Ward I, LLC initiated their Cases by filing their voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

14.     Debtor Defendant MDC Reeves owns certain mineral interests in Reeves County, Texas, and, upon information and belief, Defendants MDC Texas and MDC Energy operate producing gas wells in connection with those mineral interests. See Schedules of Assets and Liabilities for MDC Reeves Energy LLC [Case No. 19-12388, D.I. 6].

15.     On June 2, 2020 this Court entered the Order Establishing Procedures to Determine the Validity, Priority, and Extent of Liens Asserted by Statutory Lien Claimants [D.I. 1150] (the "Procedures Order").

## Factual Background

**A.     Meyers Provided Service and Materials to Debtors.**

16.  As detailed in its Notice of Perfection of Mineral Lien by Meyer Pursuant to 11 U.S.C. § 546(b)(2) [D.I. 764-1, 764-2] (the "Mineral Lien Notice"), attached hereto as Exhibit B, Meyer is a company that provided services to the Debtor Defendant, commencing from at least January through April 2019 for the Debtors' operations relating to various leases located in Reeves County, Texas (the "Properties"). The services include maintenance and/or repair of oil, gas, or water wells, oil or gas pipelines or mines or quarries (the "Services").

17.  As set forth in the Affidavit Claiming Lien Against Mineral Property recorded by Meyer in Reeves County, Texas, on June 26, 2019, at Document Number 19-10179 (the "Lien Affidavit") a copy of which was attached to the Mineral Lien Notice, Meyer provided Services to Debtor Defendant at the Properties beginning as early as January 1, 2019 with no break in the Services for any six-month period of time. A copy of the Lien Affidavit is attached hereto as **Exhibit A.**

18.  Under applicable state law, Meyer has prepetition statutory mineral liens (the "Mineral Liens") which it secured on each property set forth in **Exhibit A**, which are also detailed as follows:

| Lease/Well | API # | Amount |
|---|---|---|
| Toyah B 2H | 42-389-31433 | $41,637.50 |
| California Chrome 27 1HM | 42-389-36960 | $27,561.25 |
| Alysheba 18 1H | 42-389-37715 | $17,165.00 |
| Count Fleet 11 #6H | 42-389-38053 | $9,795.00 |

19. Meyer's Lien Affidavit has priority to the Mortgage as to all property referenced in the Lien Affidavit. Where available, the Lien Affidavit indicates the applicable Collateral Silo that each unpaid invoice identified in the Lien Affidavit should be assigned to. The Debtors' Administrative Agent's Statement Regarding Lien Perfection and Priority Dates also references the 4 locations and wells on which the Lien Affidavit attaches to Debtors' collateral, as follows:

    i. Total Lien Amount for Alysheba 18 1H = $17,415,812
    ii. Total Lien Amount for Toyah B H 2 = $28,605,197
    iii. Total Lien Amount for California Chrome 27 1HM = $26,029,446
    iv. Total Lien Amount for Count Fleet 11 6H = $27,026,100 (Mistakenly Omitted by Debtors)

20. Under Texas law, a mineral lien takes priority over an earlier encumbrance on the land or leasehold.

21. Under Tex. Prop. Code § 56.005(b), "All material or services that a person furnishes for the same land, leasehold interest, oil or gas pipeline, or oil or gas pipeline right-of-way *are considered to be furnished under a single contract unless more than six months elapse between the dates the material or services are furnished.*" (Emphasis added.)

22. In light of Tex. Prop. Code § 56.005(b), this information evidences the continuity in the work performed regarding each applicable lease/well and establishes that the lien, with respect to each lease/well, referenced in the Lien Affidavit relates back and, otherwise, takes priority over the Mortgage.

23. Under Tex. Prop. Code § 56.003, the property subject to a mineral lien includes "(2) the land, leasehold, oil or gas well, water well, oil or gas pipeline and its right-of-way, and lease for oil and gas purposes for which the labor was performed . . . [and] other wells and pipelines used in operations related to oil, gas, and minerals and located on property listed in Subdivision (2)."

**B.     Prepetition Secured Parties**

24.     On September 17, 2018, prior to the Cases and as set forth in the Cash Collateral Motion, the Prepetition Secured Parties made certain loans and extensions of credit under the Credit Agreement to certain of the Debtors.

25.     In connection with the Cash Collateral Motion, the Prepetition Secured Parties have asserted that, under the Credit Agreement and certain other documentation executed therewith (collectively, the "Credit Documents"), the Debtors and certain affiliated guarantors granted senior security interests in, and continuing, valid, binding, enforceable and perfected first priority liens, on any interest in any kind of property or asset, whether real, personal or mixed, tangible or intangible, including cash, securities, accounts and contract rights. The Prepetition Secured Parties assertions include a first-priority security interest in oil and gas leasehold interests, working interests, and associated property rights.

26.     The security instruments for the Credit Documents were not filed against the Debtor Defendant's real property interests in that county—and thus the security interests of the Prepetition Secured Parties were not perfected as to such collateral—until September 25, 2018.

27.     Furthermore, pursuant to sections 361(2) and 363(c)(2) of the Bankruptcy Code, the Debtors granted to the Prepetition Secured Parties certain adequate protection liens effective as of the Petition Date on all of the Debtors' assets as well as certain adequate protection liens on specific assets of the Debtors for capital expenditures. See Cash Collateral Order ¶¶ 4(a) and 4(b).

28.     The post-petition adequate protection liens granted to the Prepetition Secured Parties are (i) made expressly subordinate to "Permitted Prior Liens" (as defined therein) and (ii) provided the same relative priority with post-petition replacement liens granted to "Statutory

Lienholders" (as defined therein) as the underlying prepetition liens of the parties as of the Petition Date.

29. Furthermore, paragraphs 4(a) and 4(b) of the Cash Collateral Order do not provide priming liens to the Prepetition Secured Parties. Both paragraphs expressly provide that the priority of such adequate protection liens "shall be the same as the relative priorities of the underlying liens as they existed as of the Petition Date or as perfected subsequent to the Petition Date as permitted by section 546(b) of the Bankruptcy Code." Id.

### C. Meyer's Lien Takes Priority Over the Prepetition Secured Parties

30. Meyer disputes the Prepetition Secured Parties' prepetition and post-petition security interests insofar as such security interests are asserted to be superior to the valid, fully perfected, and enforceable statutory mineral liens of Meyer as further described herein.

31. Under Texas law, the Mineral Liens encumber the following interests in the Collateral Properties: (i) the interest of the contracting party and the interest of any mineral property owner on whose behalf the contracting party contracted, (ii) the interest of identified working interest owners with a recorded assignment as of the applicable mineral lien inception date; and (iii) the interest of any working interest owner without a recorded assignment as of the applicable mineral lien inception date.

32. Once secured by filing a lien affidavit and perfected, the inception date of Meyer's Mineral Liens on the Collateral Properties takes priority over an earlier encumbrance on the land or leasehold, which would include the Mortgage. *See* TEX. PROP. CODE § 56.004-005.

33. The work of MDC Texas began as early February 2018 on the Leases. The Mineral Liens of Meyer therefore date back to the applicable dates of when MDC Texas first started work on the Leases. In addition, irrespective of when such work began, Tex. Prop. Code

§ 56.004(b) makes clear that the Lien Affidavit takes priority over an earlier incumbrance on the land or leasehold.

34. Upon completion of its work, Meyer timely and properly recorded the Lien Affidavit to perfect its claim for money due.

35. Under applicable Texas law, an operator can combine multiple leases together through (a) pooling or (b) unitization. Pooling is used to encompass sufficient acreage to drill one well, e.g., a 640 acre tract is required by the Railroad Commission of Texas to have the required coverage of space and to avoid waste.

36. Unitization, on the other hand, refers to the combination of separately owned mineral or leasehold interests covering all, or part of, a common source of supply (e.g., a field or reservoir) for the principal purpose of the joint operation of that field/reservoir (in whole or in part) in order to maximize production, create operational efficiencies and conserve financial and natural resources. In both instances, an agreement – a pooling agreement or a unit agreement – is executed with the mineral lessors. When a unit or pooling acreage is created, the mineral liens extend to and encumber the totality of the property unitized or pooled and thus the liens attach to each and every lease included (in whole or in part) and covered by the applicable agreement. See TEX. PROP. CODE § 56.003.

37. Upon information and belief, all of the Leases are unitized or pooled, subject to unit and/or pooling agreements and operated as either pooling or a unit and, therefore, the Mineral Liens of Meyer extend to and encumber all collateral property covered by each lease in each such pooling or unit agreement. Moreover, the liens attached to the pooling or unit relates back to the commencement of when these services were initially provided on or about February 19, 2018.

## Claim for Relief

### Declaratory Judgment

38. Meyer incorporates by reference the allegations set forth in paragraphs 1 through 36 above as if fully set forth herein.

39. This claim for relief arises under the Federal Declaratory Judgment Act, 28 U.S.C.§ 2201 and Bankruptcy Rules 7001(2) and 7001(9).

40. As set forth above, Meyer has validly and timely recorded Mineral Liens against the Collateral Properties of the Debtor Defendants.

41. These Mineral Liens relate back to inception dates prior to the recording of the competing security interests of the Prepetition Secured Parties or, otherwise, take priority over such competing security interests; therefore Meyer holds a senior secured claim to the Prepetition Secured Parties.

42. Accordingly, Meyer respectfully requests a judgment of this Court declaring (i) that Meyer holds valid, fully-perfected, and timely recorded Mineral Liens against the Debtor Defendants' properties in the amount of $96,158.75 and (ii) that Meyer's validly and timely recorded Mineral Liens on the applicable Collateral Properties, with priority over and inception dates pre-dating the date of filing of the security interests of the Prepetition Secured Parties, are senior secured claims to the prepetition and post- petition claims and interests of the Prepetition Secured Parties in the Collateral Properties.

### Requested Relief

WHEREFORE, Meyer respectfully requests an order of the Court declaring that it holds a validly perfected priority Mineral Lien on the Collateral Properties prior in time and superior in right to the prepetition and post-petition claims and interests of the Prepetition Secured Parties,

Case 19-12269-CSS    Doc 1243    Filed 07/02/20    Page 11 of 18

# EXHIBIT A

July 17, 2019

| | |
|---|---|
| MDC Texas Operator, LLC<br>280 East 96th St., Ste. 210<br>Indianapolis, IN 46240 | VIA CERTIFIED MAIL<br>9314 7699 0430 0060 5867 25<br>RETURN RECEIPT REQUESTED |
| MDC Texas Operator, LLC<br>24 Smith Rd., Ste. 501A<br>Midland, Texas 79705 | VIA CERTIFIED MAIL<br>9314 7699 0430 0060 5867 49<br>RETURN RECEIPT REQUESTED |
| MDC Texas Operator, LLC<br>c/o Corporation Service Company<br>d/b/a CSC - Lawyers Incorporating Service Company<br>211 E. 7th St., Ste. 620<br>Austin, TX 78701 | VIA CERTIFIED MAIL<br>9314 7699 0430 0060 5867 70<br>RETURN RECEIPT REQUESTED |
| MDC Texas Energy, LLC<br>280 East 96th St., Ste. 210<br>Indianapolis, IN 46240 | VIA CERTIFIED MAIL<br>9314 7699 0430 0060 5868 00<br>RETURN RECEIPT REQUESTED |
| MDC Texas Energy, LLC<br>24 Smith Rd., Ste. 501A<br>Midland, Texas 79705 | VIA CERTIFIED MAIL<br>9314 7699 0430 0060 5868 17<br>RETURN RECEIPT REQUESTED |
| MDC Texas Energy, LLC<br>c/o Corporation Service Company<br>d/b/a CSC - Lawyers Incorporating Service Company<br>211 E. 7th St., Ste. 620<br>Austin, TX 78701 | VIA CERTIFIED MAIL<br>9314 7699 0430 0060 5868 31<br>RETURN RECEIPT REQUESTED |

Re:     Affidavit Claiming Lien Against Mineral Property
        Project: Miscellaneous Wells located in Reeves County, Texas
        Claimant: Meyer Energy Services, LLC
        Claim Amount: $96,158.75

To Whom It May Concern:

Enclosed is a copy of an *Affidavit Claiming Lien Against Mineral Property* recorded on behalf of Meyer Energy Services, LLC with the county clerk of Reeves County, Texas. You are hereby advised that if this account remains unpaid, the property may be subject to foreclosure for satisfaction of the lien.

MDC Texas Operator, LLC
MDC Texas Energy, LLC
June 25, 2019
Page 2 of 2

If you are not the owner of the property, please notify the undersigned at your earliest convenience.

Please contact the undersigned to arrange for payment of this claim in return for a release of the claim of lien.

Sincerely,

Aaron T. Capps

/ke
Enclosure

Return Receipt (Form 3811) Barcode

9590 9699 0430 0060 5867 27

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent  ☐ Addressee

B. Received by (Printed Name): B. Quinn
C. Date of Delivery: 7/1/19

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

1. Article Addressed to:
Aspire Operator, LLC
280 East 96th St., Ste. 210
Indianapolis, IN 46240

3. Service Type:
☒ Certified Mail
☐ Certified Mail Restricted Delivery
Reference Information
KME-Meyer Energy/Gen

2. Certified Mail (Form 3800) Article Number: 9314 7699 0430 0060 5867 25

PS Form 3811, Facsimile, July 2015 — Domestic Return Receipt

---

☐ Certified Mail Restricted Delivery
Reference Information
KME-Meyer Energy/Gen

2. Certified Mail (Form 3800) Article Number: 9314 7699 0430 0060 5867 47

PS Form 3811, Facsimile, July 2015 — Domestic Return Receipt

---

Reference Information
KME-Meyer Energy/Gen

2. Certified Mail (Form 3800) Article Number: 9314 7699 0430 0060 5867 70

PS Form 3811, Facsimile, July 2015 — Domestic Return Receipt

---

Reference Information
KME-Meyer Energy/Gen

2. Certified Mail (Form 3800) Article Number: 9314 7699 0430 0060 5868 00

PS Form 3811, Facsimile, July 2015 — Domestic Return Receipt

---

3. Service Type:
☒ Certified Mail
☐ Certified Mail Restricted Delivery
Reference Information
KME-Meyer Energy/Gen

2. Certified Mail (Form 3800) Article Number: 9314 7699 0430 0060 5868 17

PS Form 3811, Facsimile, July 2015 — Domestic Return Receipt

---

☐ Certified Mail Restricted Delivery
Reference Information
KME-Meyer Energy/Gen

2. Certified Mail (Form 3800) Article Number: 9314 7699 0430 0060 5868 31

PS Form 3811, Facsimile, July 2015 — Domestic Return Receipt

# EXHIBIT B

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MTE HOLDINGS LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-12269 (CSS)<br><br>(Jointly Administered) |

## NOTICE OF PERFECTON OF STATUTORY
## LIEN AGAINST MINERAL PROPERTY

YOU ARE HEREBY NOTIFIED that, pursuant to 11 *U.S.C.* §§362(b)(3) and 546(b)(2) of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Meyer Energy Services, LLC, hereby claims, maintains, and continues perfection of its mineral lien in the amount of $96,158.75 plus applicable interest, recorded in Reeves County, Texas ("Mineral Lien") for furnishing labor, services, and/or materials by Meyer Energy Services, LLC, to Debtor MTE Holdings LLC, on various wells and real properties in Reeves County ("Properties"), descriptions of which are in the attached Affidavit Claiming Lien Against Mineral Property, a true copy of which is attached hereto as **Exhibit A**.

Meyer Energy Services, LLC further provides notice to the Debtors and all other parties-in-interest in the Debtors' cases that it intends to enforce the Mineral Lien to the fullest extent allowed under the Bankruptcy Code and other applicable state or federal law, including, but not limited to, by commencing suit to foreclose the Mineral Lien in the event that (1) the Properties ceases to be property of the Debtors' estates; (2) Meyer Energy Services, LLC obtains relief from the automatic stay under Section 362 of the Bankruptcy Code for that purpose; or (3) the Debtors' cases are dismissed.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: MTE Holdings LLC (7894); MTE Partners LLC (1158); Olam Energy Resources I LLC (0770); MDC Energy LLC (9140); MDC Texas Operator LLC (1087); Ward I, LLC (6817); and MDC Reeves Energy LLC (3644). The Debtors' address is 280 East 96th Street, Suite 210, Indianapolis, Indiana 46240.

PLEASE TAKE FURTHER NOTICE that Meyer Energy Services, LLC reserves its rights to supplement and/or amend this Notice, and further reserves its rights with respect to the Mineral Lien under applicable law, including, but not limited to, the right to seek relief from the automatic stay under Section 362 of the Bankruptcy Code. Nothing in this Notice shall be construed as a waiver of Meyer Energy Services, LLC rights to assert any claims, including, without limitation, any administrative expense claim, priority claim, general unsecured claim, or other secured claim, against the Debtors under the Bankruptcy Code or other applicable state or federal law.

Dated: July 2, 2020
Wilmington, Delaware

**WERB & SULLIVAN**

*/s/ Brian A. Sullivan*
Brian A. Sullivan (DE No. 2098)
1225 King St., Suite 600
Wilmington, Delaware 19801
Telephone: (302) 652-1100
Facsimile: (302) 652-1111
Email: bsullivan@werbsullivan.com

and

**GRIFFITH DAVISON, P.C.**
Aaron T. Capps (TX No. 24056815)
13737 Noel Rd. #850
Dallas, Texas 75240
Telephone: (972) 392-8900
Facsimile: (972) 392-8901
Emails: acapps@griffithdavison.com

*Attorneys for Meyer Energy Services, LLC*