## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MTE HOLDINGS LLC, *et al.*,[1] | ) | Case No. 19-12269 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| ———————————————— | ) | |
| | ) | |
| TRANS-TEX DYNO LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MDC ENERGY LLC, | ) | Adv. Proc. No. _____ (CSS) |
| MDC TEXAS OPERATOR LLC, | ) | |
| MDC REEVES ENERGY LLC, and | ) | |
| NATIXIS, NEW YORK BRANCH. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT AND REQUEST FOR DECLARATORY
## JUDGMENT TO DETERMINE VALIDITY, PRIORITY,
## AND EXTENT OF MINERAL LIENS ON THE DEBTORS' PROPERTY

Trans-Tex Dyno, LLC ("Trans-Tex Dyno"), by and through the undersigned counsel,

hereby files this *Complaint and Request for Declaratory Judgment to Determine Validity, Priority,*

*and Extent of Mineral Liens on the Debtors' Property* pursuant to Rule 7001 of the Federal Rules

of Bankruptcy Procedure (the "Bankruptcy Rules") to determine the validity, priority, and extent

of its statutory mineral liens under applicable state law on certain of the Debtors' properties, and

respectfully states as follows:

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: MTE Holdings LLC (7894); MTE Partners LLC (1158); Olam Energy Resources I LLC (0770); MDC Energy LLC (9140); MDC Texas Operator LLC (1087); Ward I, LLC (6817); and MDC Reeves Energy LLC (3644). The Debtors' address is 280 East 96th Street, Suite 210, Indianapolis, Indiana 46240.

## Parties

1.      Plaintiff Trans-Tex Dyno is a Texas limited liability company with its principal

place of business located in Midland, Texas.

2.      Defendant MDC Energy LLC ("MDC") is a limited liability company organized

under the laws of the State of Delaware with its principal place of business in Indianapolis, Indiana.

3.      Defendant MDC Texas Operator LLC ("MDC Texas Operator") is a limited

liability company organized under the laws of the State of Delaware with its principal place of

business in Indianapolis, Indiana.

4.      Defendant MDC Reeves Energy LLC ("MDC Reeves") is a limited liability

company organized under the laws of the State of Delaware with its principal place of business in

Indianapolis, Indiana.

5.      Natixis, New York Branch ("Natixis") is the administrative agent on behalf of

certain lenders and other parties (collectively, the "Lenders" and, together with Natixis, the

"Prepetition Secured Parties") in connection with a $60 million reserve based lending credit

facility under that certain Credit Agreement dated as of September 17, 2018, (the "Credit

Agreement") with Defendant MDC.

## Jurisdiction and Venue

6.      Defendants MDC, MDC Texas Operator, and MDC Reeves (collectively, the

"Debtor Defendants") are debtors in the above-captioned jointly administered chapter 11 cases

(the "Cases") filed on the Petition Date (as defined herein) in the United States Bankruptcy Court

for the District of Delaware (the "Court").

7.      This Court has jurisdiction over the Cases and this Complaint pursuant to 28 U.S.C.

§§ 157(a) and 1334(a), and the *Amended Standing Order of Reference* from the United States

District Court for the District of Delaware dated February 29, 2012. Jurisdiction to grant

declaratory relief exists pursuant to 28 U.S.C. §§ 2201 and 2202, 11 U.S.C. § 105, and Bankruptcy Rules 7001(2) and 7001(9).

8.      On June 2, 2020, the Court entered the *Order Establishing Procedures to Determine the Validity, Priority, and Extent of Liens Asserted by Statutory Lien Claimants* [Docket No. 1150] (the "Lien Validity Order").  Pursuant to the Lien Validity Order, Statutory Lienholders such as Trans-Tex Dyno must file a complaint initiating an adversary proceeding to determine the priority of their liens. *See* Lien Validity Order ¶ II (A).

9.      This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (K), and (M).

10.     Venue of the Cases and this adversary proceeding in this district is proper under 28 U.S.C. §§ 1408 and 1409.

## Nature of Action

11.     This is an action pursuant to Rules 7001(2) and 7001(9) and the Declaratory Judgment Act (28 U.S.C. § 2201).

12.     By this Complaint, and in accordance with the Lien Validity Order, Trans-Tex Dyno seeks a judgment of this Court declaring the validity and extent of certain statutory mineral liens held by Trans-Tex Dyno against the Debtor Defendants' property and determining the priority of such liens against the prepetition and postpetition liens and security interests of the Prepetition Secured Parties.  Specifically, Trans-Tex Dyno seeks a determination that:

(a)     Trans-Tex Dyno holds valid, fully-perfected, and enforceable statutory mineral liens on certain of the Debtor Defendants' property, and

(b)     such valid, fully-perfected, and enforceable statutory mineral liens are senior in priority to the prepetition and postpetition lien claims of the Prepetition Secured Parties.

**Factual Background**

**A.    The Bankruptcy Cases**

13.    On November 8, 2019 (the "Petition Date"), the Debtor Defendants initiated their Cases by filing their voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

14.    MDC Reeves owns certain mineral interests in Reeves County, Texas and, upon information and belief, MDC Texas Operator operates producing gas wells in connection with those mineral interests.  *See Schedules of Assets and Liabilities for MDC Reeves Energy LLC* [Case No. 19-12388, Docket No. 6].

15.    On the Petition Date, the Debtors filed the *Motion for Entry of Interim and Final Orders (I) Authorizing the Use of Cash Collateral (II) Providing Adequate Protection to the Secured Lender; (III) Modifying Automatic Stay Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, and 507; and (IV) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c) and Local Rule 4001-2* [Docket No. 49] (the "Cash Collateral Motion") seeking, among other things, authorization to use cash collateral and provide adequate protection and other forms of relief to certain prepetition secured parties.  On November 19, 2019, the Court entered the first interim order [Docket No. 112] (the "First Interim Order") approving the Cash Collateral Motion on an interim basis.  Thereafter, the Court entered five (5) additional interim cash collateral orders [Docket Nos. 297, 506, 554, 674, and 874] (collectively, with the First Interim Order, the "Interim Cash Collateral Orders") substantially similar to the First Interim Order.  On May 15, 2020, the Court entered a final order with respect to the Cash Collateral Motion [Docket No. 1092] (the "Final Cash Collateral Order").

**B.**    **Trans-Tex Dyno Mineral Liens**

16.    Prior to the filing of the Cases, Trans-Tex Dyno continuously provided oil field tools, supplies, and equipment to the Debtor Defendants, MDC, MDC Texas Operator and MDC Reeves.  Trans-Texas Dyno commenced work in August 2, 2018 and through October 2018 for the Debtors operations relating to various wells located in Reeves County, Texas (the "<u>Wells</u>").  As of the Petition Date, the total amount due and owing to Trans-Tex Dyno by the Debtor Defendants for unpaid oil field tools, supplies, and equipment was $22,960.67, exclusive of any accruing interest, costs, fees, and other charges, with additional amounts owed and accrued after the Petition Date.

17.    Under applicable state law (Texas Property Code § 56.001 et seq.), Trans-Tex Dyno obtained and perfected the following prepetition statutory mineral liens (the "<u>Mineral Liens</u>") on the Wells set forth below to secure the unpaid oil field tools, supplies, and equipment provided to the Debtor Defendants:

| <u>Lease/Well</u> | <u>Legal Description</u> | <u>Work Inception Date</u> | <u>Recorded Lien Location</u> |
|---|---|---|---|
| Pickpocket 21 4H | Pickpocket 21 4H, API#42-389-37314, Section 21, Block C9, PSL Survey, Abstract 5652, Reeves County, Texas, and all other wells located on such property. | Oct. 19, 2018 | Lien recorded as Instrument No. 19-03740 in the Real Property Records of Reeves County, Texas. Recorded on March 8, 2019. |
| Runaway Ghost 23, 1HM | Runaway Ghost 23 1HM, API#42-389-37120, Section 23, Block C9, PSL Survey, Abstract 5420, Reeves County, Texas, and all other wells located on such property. | Aug. 2, 2018 | Lien recorded as Instrument No. 19-03741 in the Real Property Records of Reeves County, Texas. Recorded on March 8, 2019. |

| Lease/Well | Legal Description | Work Inception Date | Recorded Lien Location |
|---|---|---|---|
| Sir Barton 24 1H | Sir Barton 24 1H, API#42-389-37239, Section 24, Block C9, PSL Survey, Abstract 5462, Reeves County, Texas, and all other wells located on such property. | Sept. 14, 2018 | Lien recorded as Instrument No. 19-03742 in the Real Property Records of Reeves County, Texas. Recorded on March 8, 2019. |
| California Chrome 27 6H | California Chrome 27 6H, API #42-389-37444, Section 27, Block C8, PSL Survey, Abstract 1723, Reeves County, Texas, and all other wells located on such property. | Oct. 17, 2018 | Lien recorded as Instrument No. 19-03743 in the Real Property Records of Reeves County, Texas. Recorded on March 8, 2019. |
| Omaha 11-3 #3HA | Omaha 11-3 #3HA, API#42-389-37157, Section 11, Block C9, PSL Survey, Abstract 5846, Reeves County, Texas, and all other wells located on such property. | Aug. 2, 2018 | Lien recorded as Instrument No. 19-03744 in the Real Property Records of Reeves County, Texas. Recorded on March 8, 2019. |
| A Classic Dash 18 1H | A Classic Dash 18 1H, API#42-389-37164, Section 18, Block C9, PSL Survey, Abstract 1524, Reeves County, Texas, and all other wells located on such property. | Aug. 17, 2018 | Lien recorded as Instrument No. 19-03745 in the Real Property Records of Reeves County, Texas. Recorded on March 8, 2019. |
| State California Chrome 27 9H | State California Chrome 27 9H, API#42-389-37300, Section 27, Block C8, PSL Survey, Abstract 3624, Reeves County, Texas, and all other wells located on such property. | Oct. 3, 2018 | Lien recorded as Instrument No. 19-03746 in the Real Property Records of Reeves County, Texas. Recorded on March 8, 2019. |

| **Lease/Well** | **Legal Description** | **Work Inception Date** | **Recorded Lien Location** |
| --- | --- | --- | --- |
| State California Chrome 27 7H | State California Chrome 27 7H, API#42-389-37298, Section 27, Block C8, PSL Survey, Abstract 3624, Reeves County, Texas, and all other wells located on such property. | Sept. 3, 2018 | Lien recorded as Instrument No. 19-03747 in the Real Property Records of Reeves County, Texas. Recorded on March 8, 2019. |
| California Chrome 27 3H | California Chrome 27 3H, API#42-389-37445, Section 27, Block C8, PSL Survey, Abstract 3624, Reeves County, Texas, and all other wells located on such property. | Oct. 22, 2018 | Lien recorded as Instrument No. 19-03748 in the Real Property Records of Reeves County, Texas. Recorded on March 8, 2019. |
| California Chrome 27 5H | California Chrome 27 5H, API#42-389-37443, Section 27, Block C8, PSL Survey, Abstract 1723, Reeves County, Texas, and all other wells located on such property. | Sept. 28, 2018 | Lien recorded as Instrument No. 19-03749 in the Real Property Records of Reeves County, Texas. Recorded on March 8, 2019. |
| State California Chrome 27 2H | State California Chrome 27 2H, API#42-389-37708, Section 27, Block C8, PSL Survey, Abstract 1723, Reeves County, Texas, and all other wells located on such property. | Aug. 20, 2018 | Lien recorded as Instrument No. 19-03750 in the Real Property Records of Reeves County, Texas. Recorded on March 8, 2019. |
| Special Effort 18 1H | Special Effort 18 1H, API#42-389-36496, Section 18, Block C9, PSL Survey, Abstract 3205, Reeves County, Texas, and all other wells located on such property. | Aug. 17, 2018 | Lien recorded as Instrument No. 19-03751 in the Real Property Records of Reeves County, Texas. Recorded on March 8, 2019. |

| Lease/Well | Legal Description | Work Inception Date | Recorded Lien Location |
|---|---|---|---|
| Smarty Jones 26 7H | Smarty Jones 26 7H, API#42-389-37191, Section 43, Block 5, H&GN RR Co. Survey, Abstract 442, Reeves County, Texas, and all other wells located on such property. | Aug. 23, 2018 | Lien recorded as Instrument No. 19-03752 in the Real Property Records of Reeves County, Texas. Recorded on March 8, 2019. |
| California Chrome 27 8H | California Chrome 27 8H, API#42-389-37299, Section 27, Block C8, PSL Survey, Abstract 3624, Reeves County, Texas, and all other wells located on such property. | Sept. 16, 2018 | Lien recorded as Instrument No. 19-03753 in the Real Property Records of Reeves County, Texas. Recorded on March 8, 2019. |

18.    Trans-Tex Dyno's Mineral Liens attach to and encumber various property interests (collectively, the "Collateral Properties"):  (i) the subject well; (ii) the whole of such land or leasehold or lease for oil and gas purposes; (iii) the material, machinery and supplies furnished by the lien claimant; (iv) all other material, machinery and supplies used for mineral activities; (v) all personal property; (vi) all buildings; (vii) all appurtenances; (viii) all other oil, gas and water wells and pipelines and their right-of-way located on the subject leases; (ix) the oil and gas produced from the subject leases; and (x) the proceeds from the sale thereof and any other property provided for under Texas law.  *See* Tex. Prop. Code § 56.003; *Abella v. Knight Oil Tools*, 945 S.W.2d 847 (Tex. App.-Houston [1st Dist.] 1997, no writ).

19.    Following the Petition Date, on December 11, 2020, Trans-Tex Dyno filed its *Notice of Perfection of Statutory Lien Pursuant to 11 U.S.C. § 546(b)(2) of Interests in Property of the Estate* [Docket No. 247] "Lien Perfection Notice"). The Lien Perfection Notice continued the valid perfection of the Mineral Liens.

**C.      The Prepetition Secured Parties' Debt**

20.      On September 17, 2018, prior to the Cases and as set forth in the Cash Collateral

Motion, the Prepetition Secured Parties made certain loans and extensions of credit under the

Credit Agreement to MDC.   In connection with the Cash Collateral Motion, the Prepetition

Secured Parties have asserted that, under the Credit Agreement and certain other documentation

executed therewith (collectively, the "Credit Documents"), MDC and certain affiliated guarantors

granted "senior security interests in, and continuing, valid, binding, enforceable and perfected first

priority liens on . . . any interest in any kind of property or asset, whether real, personal or mixed,

or tangible or intangible, including Cash, securities, accounts and contract rights . . . ."  Final Cash

Collateral Order ¶ (D)(i).  This assertion of a first priority security interest includes oil and gas

leasehold interests, working interests, and associated property rights.

21.      According to the relevant land records of Reeves County and the filings of the

Prepetition Secured Lenders in these cases, the security instruments for the Credit Documents were

not filed against the Debtor Defendant's real property interests in that county—and thus the

security interests of the Prepetition Secured Parties were not perfected as to such collateral—until

September 25, 2018 [Docket No. 1174].

22.      Furthermore, pursuant to Bankruptcy Code sections 361(2) and 363(c)(2), the

Debtors granted to the Prepetition Secured Parties certain adequate protection liens effective as of

the Petition Date on all of the Debtors' assets as well as certain adequate protection liens on

specific assets of the Debtors for capital expenditures.  *See* Final Cash Collateral Order ¶¶ 4(a) and

4(b).  The postpetition adequate protection liens granted to the Prepetition Secured Parties are

(i) made expressly subordinate to "Permitted Prior Liens" (as defined therein) and (ii) provided

the same relative priority with postpetition replacement liens granted to "Statutory Lienholders" (as defined therein) as the underlying prepetition liens of the parties as of the Petition Date. *Id.*

**D.    The Lien Priority**

23.    Trans-Tex Dyno disputes the Prepetition Secured Parties' prepetition and postpetition security interests insofar as such security interests are asserted to be superior to the valid, fully-perfected, and enforceable statutory mineral liens of Trans-Tex Dyno as further described herein.

24.    Once filed and perfected, the inception date of Trans-Tex Dyno's Mineral Liens on the Collateral Properties relates back to the commencement of the furnishing of labor and/or materials on the subject Wells.  *See* Tex. Prop. Code 56.004-005; *Youngstown Sheet & Tube Co. v. Lucey Products Co.*, 403 F.2d 135, 143 (5th Cir. 1968); *In re Meg Petroleum Corp.*, 61 B.R. 14, 20 (Bankr. N.D. Tex. 1986) ("[T]he Court finds that for purposes of Texas law the mechanic's and materialmen's lien filed by a mineral contractor automically [sic] relates back to the date that it first furnishes materials and services to the oil and gas lease so long as the contractor files a lien affidavit in the proper county clerk's office within six months of concluding its activities on the tract."); *Bandera Drilling Co. v. Lavina*, 824 S.W.2d 782, 784 (Tex. App.-Eastland 1992, no writ).

25.    Under applicable Texas law, where multiple leases are operated as a pooled unit, the mineral liens extend to and encumber the totality of the acreage of each lease included (in whole or in part) in the applicable pooled unit. *See* Tex. Prop. Code § 56.003; *Texcalco, Inc. v. McMillan*, 524 S.W.2d 405, 407 (Tex. Civ. App.-Eastland 1975, no writ); *Dunigan Tool & Supply Co. v. Burris*, 427 S.W.2d 341 (Tex. Civ. App.-Eastland 1968, writ ref'd n.r.e.). Upon information and belief, the Wells referenced herein were operated as a pooled unit and therefore the Mineral

Liens of Trans-Tex Dyno extend to and encumber the entire pooled unit and relate back to the commencement of the furnishing of labor and/or materials for the pooled unit.

26.    Trans-Tex Dyno first provided oil field tools, supplies, and equipment to the Debtor Defendants in connection with the applicable Wells in August 2018 continuously provided such supplies and service with respect to such Wells through October 2018.  The Mineral Liens of Trans-Tex Dyno therefore date back to the applicable dates of when Trans-Tex Dyno first furnished its supplies and services to the Debtor Defendants commencing in August 2018 which were perfected in advance of the Prepetition Secured Parties'.

**First Claim for Relief**
**Declaratory Judgment**

27.    Trans-Tex Dyno incorporates by reference the allegations set forth above as if fully set forth herein.

28.    This claim for relief arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and Bankruptcy Rules 7001(2) and 7001(9).

29.    As set forth above, Trans-Tex Dyno has validly and timely recorded Mineral Liens against the Collateral Properties of the Debtor Defendants. These Mineral Liens relate back to inception dates prior to the recording of the competing security interests of the Prepetition Secured Parties, and therefore Trans-Tex Dyno holds a senior secured claim to the Prepetition Secured Parties.

30.    Accordingly, Trans-Tex Dyno respectfully requests a judgment of this Court declaring (i) that Trans-Tex Dyno is the holder of validly and timely recorded Mineral Liens against the Collateral Properties, and (ii) that Trans-Tex Dyno's validly and timely recorded Mineral Liens on the applicable Collateral Properties, with inception dates pre-dating the date of filing of the security interests of the Prepetition Secured Parties, are senior secured claims to the

prepetition and postpetition claims and interests of the Prepetition Secured Parties in the Collateral Properties.

## **Conclusion**

WHEREFORE, Trans-Tex Dyno respectfully requests an order of the Court declaring that it holds a valid and validly perfected, first priority Mineral Lien on the Collateral Properties prior in time and superior in right to the prepetition and postpetition claims and interests of the Prepetition Secured Parties.

Dated:  July 2, 2020
       Wilmington, Delaware

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ Morgan L. Patterson*
Kevin J. Mangan (DE 3810)
Morgan L. Patterson (DE 5388)
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone:   (302) 252-4320
Facsimile:   (302) 252-4330
Email:   kevin.mangan@wbd-us.com
     morgan.patterson@wbd-us.com

-AND-

**KELLY, MORGAN, DENNIS, CORZINE & HANSEN, P.C.**
Michael G. Kelly
4840 E. University, Suite 200
Odessa, Texas 79762
Telephone:   (432) 367-7271
Facsimile:   (432) 363-9121
Email:   mkelly@kmdfirm.com

*Counsel to Trans-Tex Dyno, LLC*