**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE | § | **Chapter 11** |
| | § | |
| **MTE HOLDINGS LLC, et al.,** | § | **Case No. 19-12269 (CSS)** |
| | § | |
| **Debtors**[1] | § | **(Jointly Administered)** |
| | § | |
| _____ | § | |
| | § | |
| **BASELINE ENERGY SERVICES, LP** | § | |
| | § | |
| **Plaintiff** | § | **Adv. Proc. No. _____** |
| | § | |
| **v.** | § | |
| | § | |
| **MDC ENERGY LLC D/B/A** | § | |
| **MDC TEXAS ENERGY LLC,** | § | |
| **MDC TEXAS OPERATOR LLC,** | § | |
| **MDC REEVES ENERGY LLC, and** | § | |
| **NATIXIS, NEW YORK BRANCH.** | § | |

**COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT TO DETERMINE
VALIDITY, PRIORITY, AND EXTENT OF STATUTORY MINERAL LIENS ON THE
DEBTORS' PROPERTY**

COMES NOW  Baseline Energy Services, LP  (the "Plaintiff"),  through  undersigned

counsel, and hereby files this *Complaint and Request for Declaratory Judgment to Determine

Validity, Priority, and Extent of Statutory Mineral Liens on the Debtors' Property* pursuant to

Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Rules") and the *Order

Establishing Procedures to Determine the Validity, Priority, and Extent of Liens Asserted by

Statutory Lien Claimants* docketed on June 2, 2020 [Main Case No. 19-12388, D. I. 1150], and

respectfully shows as follows:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax
identification number, are: MTE Holdings LLC (7894); MTE Partners LLC (1158); Olam Energy Resources I
LLC (0770); MDC Energy LLC d/b/a MDC Texas Energy LLC (9140); MDC Texas Operator LLC (1087);
Ward I, LLC (6817); and MDC Reeves Energy LLC (3644). The Debtors' address is 280 East 96th Street, Suite
210, Indianapolis, Indiana 46240.

## I.    Parties

1.      Plaintiff Baseline Energy Services, LP is a Texas limited partnership with its principal place of business located in Fort Worth, Texas.

2.      Defendant MDC Energy LLC d/b/a MDC Texas Energy LLC ("MDC") is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Indianapolis, Indiana.

3.      Defendant MDC Texas Operator LLC ("MDC Texas Operator") is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Indianapolis, Indiana.

4.      Defendant MDC Reeves Energy LLC ("MDC Reeves") is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Indianapolis, Indiana.

5.      Defendant, Natixis, New York Branch ("Natixis") is the administrative agent on behalf of certain lenders and other parties (collectively,  the "Lenders" and,  together with Natixis, the "Prepetition Secured Parties") in connection with a $60 million credit facility under that certain Credit Agreement dated as of September 17, 2018, (the "Credit Agreement") with Defendant MDC.

## II.    Jurisdiction and Venue

6.      Defendants MDC, MDC Texas Operator, and MDC Reeves (collectively, the "Debtor Defendants") are debtors in the above-captioned jointly administered chapter 11 cases styled *In re MTE Holdings LLC*, Case No. 19-12269 (CSS) (Bankr. D. Del.) (the "Cases"), pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

7.      This Court has jurisdiction over the Cases and this Complaint pursuant to 28 U.S.C. §§ 157(a), and 1334(a), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012. Jurisdiction to grant declaratory relief exists pursuant to 28 U.S.C. §§ 2201 and 2202, 11 U.S.C. § 105, and Fed. R. Bankr. P. 7001(2) and 7001(9).

8.      This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (K), and (M).

9.      Venue of the Cases and this adversary proceeding in this district is proper under 28 U.S.C. §§ 1408 and 1409.

10.      Pursuant to Fed. R. Bankr. 7008 and Rule 7008-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Plaintiff consents to the Court's entry of a final judgment or order with respect to the adversary proceeding if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

11.      This proceeding is being filed pursuant to the *Order Establishing Procedures to Determine the Validity, Priority, and Extent of Liens Asserted by Statutory Lien Claimants* docketed on June 2, 2020 [Main Case No. 19-12388, D.I. 1150].

### III.      Nature of Action

12.      This is an action pursuant to Fed. R. Bankr. 7001(2) and 7001(9) and the Declaratory Judgment Act (28 U.S.C. § 2201).

13.      By this Complaint, the Plaintiff seeks a judgment of this Court determining the priority, validity, extent, perfection, and value of the Plaintiff's statutory mineral interest liens and the prepetition and post-petition liens and security interests of the Prepetition Secured

Parties. Specifically, the Plaintiff seeks a determination that (i) the Plaintiff holds valid, fully-perfected, and enforceable statutory mineral liens on certain of the Debtor Defendants' property, (ii) such valid, fully-perfected, and enforceable statutory mineral liens are senior in priority to the prepetition and post-petition lien claims of the Prepetition Secured Parties, and (iii) the value of such liens.

## IV.    Background

14.    On November 8, 2019 (the "Petition Date"), the Debtor Defendants initiated their Cases by filing their voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

15.    MDC Reeves owns certain mineral interests in Reeves and Glasscock Counties, Texas and upon information and belief, MDC Texas Operator operates producing gas wells in connection with those mineral interests. *See Schedules of Assets and Liabilities for MDC Reeves Energy LLC* [Main Case No. 19-12388, D.I. 6].

16.    On September 17, 2018, the Prepetition Secured Parties made certain loans and extensions of credit under the Credit Agreement to MDC.  Prepetition Secured Parties have asserted that, under the Credit Agreement and certain other documentation executed therewith (collectively, the "Credit Documents"), MDC and certain affiliated guarantors granted senior security interests in, and continuing, valid, binding, enforceable and perfected first priority liens, on any interest in any kind of property or asset, whether real, personal or mixed, tangible or intangible, including cash, securities, accounts and contract rights. The Prepetition Secured Parties assertions include a first-priority security interest in oil and gas leasehold interests, working interests, and associated property rights against all the Debtor Defendants' real property interests in Reeves and Glasscock Counties, Texas.

17.     On September 24, 2018, the Prepetition Secured Parties caused two (2) Deeds of Trust to be filed of record against certain MDC and MDC Reeves's properties in Glasscock County, Texas.

18.     On September 25, 2018, the Prepetition Secured Parties caused two (2) Deeds of Trust to be filed of record against certain MDC and MDC Reeves's properties in Reeves County, Texas.

19.     On April 16, 2019, the Prepetition Secured Parties caused two (2) Supplements to the Deeds of Trust filed in Reeves County, Texas to be filed in Reeves County, Texas. These Supplements presumably collateralized additional of MDC and MDC Reeves's properties that were not originally listed in the September 25, 2018 Deeds of Trust.

20.     The Plaintiff disputes the Prepetition Secured Parties' prepetition and post-petition security interests insofar as such security interests are asserted to be superior to the valid, fully perfected, and enforceable statutory mineral liens of Plaintiff as further described herein.

21.     As detailed in its *Notice of Perfection, Continuation or Maintenance of Lien Pursuant to 11 U.S.C. § 546(b)* [D.I. 614] (the "Notice of Lien Perfection"), the Plaintiff is a company which continuously provided oilfield related goods and/or services to the Debtor Defendants' operations  relating to various leases located in Reeves and/or Glasscock Counties, Texas (the "Leases").

22.     Despite repeated attempts to collect the unpaid balance owed by the Debtor Defendants for the goods sold and services rendered by the Plaintiff there remains an unpaid pre-petition principal secured balance of $1,226,077.16. The Plaintiff timely filed a Proof of Claim

[POC Nos. 240, 241, and 242] for the unpaid secured balance, which includes interest and attorneys' fees where applicable for a total claim amount of $1,226,077.16.[2]

23.     Under applicable state law Tex. Prop. Code §§ 56.002, 56.003, 56.021 and 56.022, the Plaintiff filed pre-petition statutory mineral lien(s) (the "Mineral Liens") which it secured on each Leasehold, to secure unpaid amounts for labor and services that the Plaintiff continually provided to the Debtor Defendants. The Mineral Liens are set forth in detail on **Exhibit "A,"** attached and incorporated herein.

24.     The Plaintiff's Mineral Liens attach to and encumber the whole of said oil and gas leasehold estate or lease for oil and gas purposes, and upon all of the oil and gas wells located thereon, and particularly upon each well(s) treated by the lien claimant from which the debt secured hereby is due and owing, the building and appurtenances, and upon all other materials, machinery and supplies owned by the property owner and used in the operations, as well as upon all the other oil wells, gas wells, or oil or gas pipelines for which the same are furnished or hauled and upon all other oil wells, gas wells, buildings and appurtenances, including pipeline, leasehold interest and land for which such materials, machinery and supplies were furnished or hauled or labor performed, and upon all equipment pertaining to said well(s) and to all other wells, and upon all lease equipment, rights, pipelines and right-or-way for same, and all casing, tools, and pumping equipment on said leasehold of or belonging to property owner, and all other property pursuant to Tex. Prop. Code § 56.003.

25.     Under Texas law, the Mineral Liens encumber the following interests in the Collateral Properties: (i) the interest of the contracting party and the interest of any mineral property owner on whose behalf the contracting party contracted, (ii) the interest of identified

---

[2] The amount listed is the claimed secured amount. The Plaintiff may also have unsecured portions of its claim, which would be listed in more detail on the Proof of Claim.

working interest owners with a recorded assignment as of the applicable mineral lien inception date; and (iii) the interest of any working interest owner without a recorded assignment as of the applicable mineral lien inception date. *See Bandera Drilling Co. v. Lavina*, 824 S.W.2d 782 (Tex. App.-Eastland 1992, no writ); *Trevor Rees-Jones, Trustee for Atkins Petroleum Corp. v. Trevor Rees-Jones, Trustee for Apache Services, Inc.*, 799 S.W.2d 463 (Tex. App.-El Paso 1990, writ denied); *McCarty v. Halliburton Company*, 725 S.W.2d 817 (Tex. App.—Eastland 1987, writ ref'd. n.r.e.). Moreover, the mineral liens are generally considered as a remedial statute that should be given a broad construction. *Dealers Elec. Supply Co. v. Scoggins Constr. Co.*., 292 S.W.3d 650, 658 (Tex. 2008).

26.    Once filed and perfected, the inception date of the Plaintiff's Mineral Liens on the Collateral Properties relates back at least to the commencement of the furnishing of labor and/or materials on the subject Leases. *See* Tex. Prop. Code §§ 56.004–.005; *Youngstown Sheet & Tube Co. v. Lucey Products Co.*, 403 F.2d 135, 143 (5th Cir. 1968); *In re Meg Petroleum Corp.*, 61 B.R. 14, 20 (Bankr. N.D. Tex. 1986) ("[T]he Court finds that for purposes of Texas law the mechanic's and materialmen's lien filed by a mineral contractor automatically [sic] relates back to the date that it first furnishes materials and services to the oil and gas lease so long as the contractor files a lien affidavit in the proper county clerk's office within six months of concluding its activities on the tract."); *Bandera Drilling Co. v. Lavina*, 824 S.W.2d 782, 784 (Tex. App.—Eastland 1992, no writ); *Trevor Rees-Jones, Trustee for Atkins Petroleum Corp. v. Trevor Rees-Jones, Trustee for Apache Services, Inc.*, 799 S.W.2d 463 (Tex. App.—El Paso 1990, writ denied). As stated by the United States Bankruptcy Court for the Northern District of Texas, Texas law provides that:

. . . the inception date of a mineral contractor lien relates back to the date work was first performed or materials first supplied, but the lien does not affect an

encumbrance that attached to land or a leasehold before the lien's inception. Thus, under the 'first in time' rules under Texas . . . , [a lender] will only take first priority over a valid [mineral lienholder] on a particular oil and gas lease where [such lender] perfected its lien prior to the date that the [mineral lienholder] first provided labor or materials attributable to that lease.

*Baker Hughes Oilfield Operations, Inc. v. Union Bank of Cal., NA (In re Cornerstone E&P Co., LP)*, 435 B.R. 390, 399 (Bankr. N.D. Tex. 2010).

27.     The Mineral Liens of the Plaintiff therefore relate back to at least the applicable dates of when the Plaintiff first furnished the goods and/or services to the Debtor Defendants commenced on a leasehold by leasehold basis. Upon information and belief, the Plaintiff's first dates of work (if available) for each leasehold is set forth in detail on **Exhibit "A."**[3] It is unknown at this time whether or not other lienholders' first dates of work relate back prior to the Plaintiff's first dates of work or unpaid work listed on **Exhibit "A."** Therefore, as additional information becomes available through discovery or by other means, the Plaintiff reserves all rights to make a relation back argument based on first dates of work of other lienholders.

28.     Further, the Plaintiff  continuously provided goods and/or services to the applicable Leases, without a gap of six months or greater, while the Plaintiff  remained unpaid, until the filing of the Debtors' petition, after which the Plaintiff properly and timely perfected its liens which relate back to the applicable first date of work. The Prepetition Secured Parties did not obtain and perfect their lien until September 25, 2018 on certain properties and, upon information and belief, April 16, 2019 on other properties.

29.     Under applicable Texas law, an operator can combine multiple leases together through (a) pooling or (b) unitization. When a unit or pooling acreage is created, the mineral liens extend to and encumber the totality of the property unitized or pooled and thus the liens

---

[3] As discovery in this matter is ongoing, the Plaintiff reserves all rights to supplement its first dates of work or unpaid work as additional information becomes available. If first dates of work are not readily available, first dates of unpaid work are listed.

attach to each and every lease included (in whole or in part) and covered by the applicable agreement. *See* Tex. Prop. Code § 56.003; *Texcalco, Inc. v. McMillan*, 524 S.W.2d 405, 407 (Tex. Civ. App.—Eastland 1975, no writ); *Dunigan Tool & Supply Co. v. Burris*, 427 S.W.2d 341, 343 (Tex. Civ. App.—Eastland 1968, writ ref'd n.r.e.).  Upon information and belief, certain of the Leases are unitized or pooled, subject to unit and/or pooling agreements and operated as either pooling or a unit and, therefore, the Mineral Liens of the Plaintiff extend to and encumber all collateral property covered by each lease in each such pooling or unit agreement. Moreover, the liens attached to the pooling or unit relate back to the commencement of when the goods and/or services were initially provided. It is possible that the Debtor Defendants acquired additional properties or added additional properties to specific units or unit designations in a way that cause the Plaintiff to gain priority over the Prepetition Secured Parties on those specific properties.

30.    Pursuant to and in compliance with section 546(b)(2) of the Bankruptcy Code, the Plaintiff  provided notice to preserve, perfect, maintain, and continue its rights as a perfected lienholder in certain property interests of the Debtor Defendants under Chapter 56 of the Texas Property Code and the Plaintiff's claimed Texas constitutional lien on such Property under Article 16, Section 37 of the Texas Constitution. The Mineral Lien Notices constituted the legal equivalent of having recorded a mineral lien in the public records for the county where the Collateral Properties are located and the equivalent of then having commenced a suit to foreclose the lien in the proper court. The Plaintiff is uncertain of whether Debtor Defendants are currently operating their wells and maintaining the Plaintiff's collateral.

31.    In addition to filing its Mineral Lien Notices in the pending bankruptcy proceeding, the Plaintiff has properly filed Lien Affidavits in each applicable county asserting its

rights under the Texas Property Code and the Texas Constitution, in each case within the statutory time limits to create a valid mineral lien.

## V.    Justiciable Controversy

32.    The Prepetition Secured Parties assert that they have valid, perfected, enforceable, first-priority liens and security interests upon all of the Debtor Defendants' assets, which include the Collateral Properties, dating from their September 2018 Credit Documents and the Cash Collateral Order.  The Plaintiff  disputes that the Prepetition Secured Parties have first priority liens upon all of the Collateral Properties, including the Debtor Defendants' interests in oil and gas leases and/or working interests, because the Plaintiff's Mineral Liens relate back at least to the commencement of  its furnishing of goods and/or services on the subject Leases, while the alleged perfection of the security interests of the Prepetition Secured Creditors did not occur until September 25, 2018 on certain properties and, upon information and belief, as late as April 16, 2019 on other properties. It is also possible that additional properties were added to unit designations that were not listed or referred to on either the September 25, 2018 Deeds of Trust or the April 16, 2019 Supplements.

33.    Accordingly, the Plaintiff seeks a declaration from the Court that the Plaintiff's Mineral Liens are valid, perfected, enforceable and that the Plaintiff's Mineral Liens are senior to the prepetition and post-petition lien claims of the Prepetition Secured Parties. A declaratory judgment which declares the extent, validity, priority, perfection, and value of competing lien claims on the Debtor Defendants' property is authorized under Bankruptcy Rule 7001 and will adjudicate disputed issues involved in this controversy between secured creditors in this bankruptcy case.

## VI.     <u>Claim for Relief: Declaratory Judgment</u>

34.     The Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 33 above as if fully set forth herein.

35.     This claim for relief arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and Bankruptcy Rules 7001(2) and 7001(9).

36.     As set forth above, the Plaintiff has validly and timely recorded Mineral Liens against the Collateral Properties of the Debtor Defendants. Certain or all the Mineral Liens relate back to inception dates prior to the recording of the competing security interests of the Prepetition Secured Parties, and therefore the Plaintiff holds a senior secured claim to the Prepetition Secured Parties.

37.     Accordingly, the Plaintiff respectfully requests a judgment of this Court declaring (i) that the Plaintiff holds valid, fully-perfected, and timely recorded Mineral Liens against the Defendant Debtors' properties, (ii) that the Plaintiff's validly and timely recorded Mineral Liens on the applicable Collateral Properties, with inception dates pre-dating the date of filing of the security interests of the Prepetition Secured Parties, are senior secured claims to the prepetition and post-petition claims and interests of the Prepetition Secured Parties in the Collateral Properties, and (iii) the value of each Mineral Lien.

38.     All conditions precedent have been performed or have occurred.

39.     By filing this suit, Plaintiffs do not waive or release any rights, claims, causes of action, or defenses, or make any election of remedies that they now have or may have, but expressly preserve all such rights, claims, causes of action, and defenses, whether or not the same have been asserted or may hereafter be asserted in this or any other proceeding.

## VII.    Requested Relief

WHEREFORE, the Plaintiff respectfully requests an order of the Court declaring that it holds a validly perfected priority Mineral Lien on the Collateral Properties prior in time and superior in right to the pre-petition and post-petition claims and interests of the Prepetition Secured Parties, and determining the value of each of the Mineral Liens.


Dated: July 2, 2020                     CONNOLLY GALLAGHER LLP

                                        */s/ N. Christopher Griffiths*
                                        N. Christopher Griffiths (No. 5180)
                                        Lisa R. Hatfield (No. 4967)
                                        1201 North Market Street, 20th Floor
                                        Wilmington, DE  19801
                                        Telephone: (302) 757-7300
                                        Email: cgriffiths@connollygallagher.com

                                                    -and-


                                        Zachary S. McKay (Texas Bar No. 24073600)
                                        Carl Doré, Jr. (Texas Bar No. 06000600)
                                        Doré Rothberg McKay, P.C.
                                        17171 Park Row, Suite 160
                                        Houston, Texas 77084
                                        Telephone:    (281) 892-1555
                                        Facsimile:    (281) 200-0751
                                        Email:        zmckay@dorelaw.com

                                        *Counsel for Baseline Energy Services, LP*