## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MTE HOLDINGS LLC, *et al.,*[1] | Case No. 19-12269 (CSS) |
| Debtors. | (Jointly Administered) |
| BIG B CRANE, LLC | Adv. Proc. No. |
| Plaintiff, | |
| v. | |
| MDC ENERGY LLC, d/b/a MDC TEXAS ENERGY LLC, MDC TEXAS OPERATOR LLC, MDC REEVES ENERGY, LLC, and NATIXIS, NEW YORK BRANCH, | |
| Defendants. | |

## COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT TO DETERMINE VALIDITY, PRIORITY, AND EXTENT OF LIENS ON THE DEBTORS' PROPERTY

COMES NOW Plaintiff  Big B Crane, LLC, by and through its undersigned counsel,  and

hereby files this *Complaint and Request for Declaratory Judgment to Determine Validity, Priority,*

*and Extent of Liens on the Debtors' Property* pursuant to Rule 7001 of the Federal Rules of

Bankruptcy Procedure (the "Rules"); the *Order Establishing Procedures to Determine   the*

*Validity, Priority, and Extent of Liens Asserted by Statutory Lien Claimants* (D.I. 1150 ) and the

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: MTE Holdings LLC ("MTE") (7894); MTE Partners LLC ("MTE Partners") (1158); Olam Energy Resources I LLC ("Olam") (0770); MDC Energy LLC ("MDC") (9140); MDC Texas Operator LLC (1087); Ward I, LLC (6817); and MDC Reeves Energy LLC (3644) (collectively, the "Debtors"). The Debtors' address is 280 East 96th Street, Suite 210, Indianapolis, Indiana 46240.

*Final Order Under Bankruptcy Code Sections 105(a), 361, 362, 363, 503, and 507, Bankruptcy Rules 4001 and 9014 (I) Authorizing Debtors to Use Cash Collateral; (II) Granting Adequate Protection to Prepetition Secured Parties; (III) Modifying Automatic Stay; and (IV) Granting Related Relief* [D.I. 1092] and respectfully shows as follows:

### Parties

1.      Plaintiff Big B Crane, LLC ("Big B Crane" or "Plaintiff") is Louisiana limited liability company with its principal place of business located in Eunice, Louisiana.

2.      Defendant MDC Energy LLC d/b/a MDC Texas Energy LLC ("MDC Energy") is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Indianapolis, Indiana.

3.      Defendant MDC Texas Operator LLC ("Texas Operator" and, together with MDC Energy "Debtor Defendants") is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Indianapolis, Indiana.

4.      Defendant Natixis, New York Branch ("Natixis") is the administrative agent of certain of the Debtors' pre-petition lenders and other secured parties (collectively, the "Lenders" and, together with Natixis, the "Prepetition Secured Parties") in connection with a $60 million credit facility under that certain credit agreement dated as of September 17, 2018, (the "Credit Agreement") with the Debtors.

### Jurisdiction and Venue

5.      Debtor Defendant MDC Energy is a debtor in the above-captioned jointly administered chapter 11 cases styled In re MTE Holdings LLC, Case No. 19-12269 (CSS) (Bankr. D. Del.) (the "Cases"), pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

6.      This Court has jurisdiction over the Cases and this Complaint pursuant to 28 U.S.C. §§ 157(a), and 1334(a), and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012. Jurisdiction to grant declaratory relief exists pursuant to 28 U.S.C. §§ 2201 and 2202, 11 U.S.C. § 105, and Fed. R. Bankr. P. 7001(2) and 7001(9).

7.      This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (K), and (M).

8.      Venue of the Cases and this adversary proceeding in this district is proper under 28 U.S.C. §§ 1408 and 1409.

9.      Pursuant to Fed. R. Bankr. 7008 and Rule 7008-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), Big B Crane consents to the Court's entry of a final judgment or order with respect to the adversary proceeding if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## Nature of Action

10.      This is an action pursuant to Fed. R. Bankr. 7001(2) and 7001(9) and the Declaratory Judgment Act (28 U.S.C. § 2201).

11.      By this Complaint, Big B Crane seeks entry of a judgment from this Court determining the priority of Big B Crane's statutory mineral interest liens and the prepetition and post-petition liens and security interests of the Prepetition Secured Parties.

12.      Specifically, Big B Crane seeks a determination that (i) Big B Crane holds valid, fully-perfected, and enforceable statutory mineral liens in the amount of $655,850 on certain of the Debtors' property, and (ii) such valid, fully- perfected, and enforceable statutory mineral liens

are senior in priority to the prepetition and post-petition lien claims of the Prepetition Secured Parties.

13.     Additionally, pursuant to applicable state and bankruptcy law, Big B Crane seeks to recover attorneys' fees incurred in this proceeding.

**Procedural Background**

14.     On October 22, 2019, debtor MTE Holdings LLC filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On November 8, 2019, MDC Energy LLC d/b/a MDC Texas Energy LLC; MDC Reeves, MDC Texas Operator LLC, and Ward I, LLC  initiated their Cases by filing their voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

15.     Debtor Defendant MDC Energy owns certain mineral interests in Reeves County, Texas and, upon information and belief, Debtor Defendant MDC Texas Operator operates producing gas wells in connection with those mineral interests.

16.     The Debtors filed the Motion for Entry of Interim and Final Orders (I) Authorizing the Use of Cash Collateral (II) Providing Adequate Protection to the Secured Lender; (III) Modifying Automatic Stay Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, and 507; and (IV) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c) and Local  Rule  4001-2 [D.I. 49] (the "Cash Collateral Motion") seeking, among other things, authorization to use cash collateral and provide adequate protection and other forms of relief to certain prepetition secured parties.

17.     After five interim orders were entered, on May 15, 2020, a final order on the Cash Collateral Motion was entered ("Cash Collateral Order").

18.      On June 2, 2020 this Court entered the Order Establishing Procedures to Determine the Validity, Priority, and Extent of Liens Asserted by Statutory Lien Claimants [D.I. 1150 ](the "Procedures Order").

**Factual Background**

A.      **Big B Crane Provided Service and Materials to Debtors since 2014 pursuant to a Master Service Agreement**

19.      As detailed in its three affidavits attached to the Notice of Perfection of Mineral Lien by Big B Crane Pursuant to 11 U.S.C. § 546(b)(2) [D.I. 543] (the "Lien Notice"), Big B Crane is a company that has continuously provided services to the Debtor Defendants, commencing in September, 2014 pursuant to a Master Service Agreement (the "MSA") for the Debtors' operations relating to various properties located in Reeves County, Texas (the "Properties"). A copy of the MSA is attached hereto as **Exhibit A.**

20.      The services provided by Big B Crane in the form of labor and materials included crane rentals and labor for fracking wells, including assisting wireline, coil tubing and wireline tubing in the fracking process on the Properties (the "Services").

21.      As set forth in Big B Crane's lien affidavits recorded on February 25, 2020 in the State of Texas, County of Reeves (the "Lien Affidavits") copies of which are attached to the Lien Notice, Big B Crane provided the Services to Debtor Defendants prior to the Petition Date(s). Copies of the Lien Notice and Lien Affidavits are attached hereto as **Exhibit B.**

22.      Under applicable state law, Big B Crane has prepetition statutory lien on the Properties including all mineral leasehold interests, all oil or gas wells located thereon, all oil or gas pipelines and their right of ways and all of the material, machinery and supplies used for the mineral activities (collectively, the "Mineral Liens") which it secured on each Property set forth in **Exhibit B.**

5

23. A table summarizing the Mineral Liens identified in the Lien Affidavits is attached hereto as **Exhibit C** (the "Lien Priority Table").

24. The liens referenced in the Lien Affidavit relate back to an inception date prior to September 25, 2018—being the date the Deed of Trust, Assignment, Security Agreement, Fixture Filing, Financing Statement, and Assignment of Production dated September 17, 2018, from MDC Energy LLC d/b/a MDC Texas Energy LLC to Carlos Quinteros, as Trustee for the benefit of Defendant Natixis (the "Mortgage").

25. Under § 56.004, Tex. Prop. Code (Priority of lien): "(a) the [mineral] lien does not affect an encumbrance that attached to the land or a leasehold before the lien's inception. (b) ***The [mineral] lien on material, machinery, supplies, or a specific improvement takes priority over an earlier encumbrance on the land or leasehold on which the material, machinery, supplies, or improvement is placed or located***." (Emphasis added). As such, even if Debtor Defendant's Mortgage was filed prior to Big B Crane's, Big B Crane's Lien's take priority over Debtor Defendants as a matter of statute and the public policy of the State of Texas.

## B.    Prepetition Secured Parties in 2018

26. On September 17, 2018, prior to the Cases and as set forth in the Cash Collateral Motion, the Prepetition Secured Parties made certain loans and extensions of credit under the Credit Agreement to certain of the Debtors.

27. In connection with the Cash Collateral Motion, the Prepetition Secured Parties have asserted that, under the Credit Agreement and certain other documentation executed therewith (collectively, the "Credit Documents"), the Debtors and certain affiliated guarantors granted senior security interests in, and continuing, valid, binding, enforceable and perfected first priority liens, on any interest in any kind of property or asset, whether real, personal or mixed, tangible or

intangible, including cash, securities, accounts and contract rights. The Prepetition Secured Parties assertions include a first-priority security interest in oil and gas leasehold interests, working interests, and associated property rights.

28.    The security instruments for the Credit Documents were not filed against the Debtor Defendant's real property interests in that county—and thus the security interests of the Prepetition Secured Parties were not perfected as to such collateral—until September 25, 2018.

29.    Furthermore, pursuant to sections 361(2) and 363(c)(2) of the Bankruptcy Code, the Debtors granted to the Prepetition Secured Parties certain adequate protection liens effective as of the Petition Date on all of the Debtors' assets as well as certain adequate protection liens on specific assets of the Debtors for capital expenditures. See Cash Collateral Order ¶¶ 4(a) and 4(b).

30.    The post-petition adequate protection liens granted to the Prepetition Secured Parties are (i) made expressly subordinate to "Permitted Prior Liens" (as defined therein) and (ii) provided the same relative priority with post-petition replacement liens granted to "Statutory Lienholders" (as defined therein) as the underlying prepetition liens of the parties as of the Petition Date.

31.    Furthermore, paragraphs 4(a) and 4(b) of the Cash Collateral Order do not provide priming liens to the Prepetition Secured Parties. Both paragraphs expressly provide that the priority of such adequate protection liens "shall be the same as the relative priorities of the underlying liens as they existed as of the Petition Date or as perfected subsequent to the Petition Date as permitted by section 546(b) of the Bankruptcy Code." Id.

**C.    Big B Crane has a Priority Lien Ahead of Prepetition Secured Parties**

32.     Big B Crane disputes the Prepetition Secured Parties' prepetition and post-petition security interests insofar as such security interests are asserted to be superior to the valid, fully perfected, and enforceable statutory mineral liens of Big B Crane as further described herein.

33.     Under Texas law, the Mineral Liens encumber the following interests in the Collateral  Properties: (i) the interest of the contracting party and the interest of any mineral property owner on whose behalf the contracting party contracted, (ii) the interest of identified working interest owners with a recorded assignment as of the applicable mineral lien inception date; and (iii) the interest of any working interest owner without a recorded assignment as of the applicable mineral lien inception date. *See* Tex. Prop. Code § 56.001, *et seq.*

34.     In addition, once perfected by the filing of the Lien Affidavit, the inception date of Big B Crane's Mineral Liens on the Properties relate back to the commencement of the furnishing of labor and/or materials on the subject leases. See Tex. Prop. Code § 56.004-005.

35.     Big B Crane first provided the Services to the Debtor Defendants in connection with the applicable leases beginning in 2014 and continuously provided Services with respect to such leases. The Mineral Liens, therefore, date even further back to the applicable dates of when Big B Crane first provided Services to the Debtor Defendants.  As such, Big B Crane's Mineral Liens take priority over that of the Prepetition Secured Parties.

36.     Under applicable Texas law, an operator can combine multiple leases together through pooling or unitization. Pooling is used to encompass sufficient acreage to drill one well— for example, a 640-acre tract is required by the Railroad Commission of Texas (the state agency with primary jurisdiction over the oil and gas industry) to have the required coverage of space and to avoid waste.

37.     Unitization, on the other hand, refers to the combination of separately owned mineral or leasehold interests covering all, or part of, a common source of supply (e.g., a field or reservoir) for the principal purpose of the joint operation of that field/reservoir, in whole or in part, in order to maximize production, create operational efficiencies and conserve financial and natural resources. In both instances, an agreement—a pooling agreement or a unit agreement—is executed with the mineral lessors. When a unit or pooling acreage is created, the mineral liens extend to and encumber the totality of the property unitized or pooled, and thus the liens attach to each and every lease included, in whole or in part, and covered by the applicable agreement. *See* Tex. Prop. Code § 56.003.

38.     Upon information and belief, certain of the Debtor Defendants' leases are unitized or pooled, subject to unit and/or pooling agreements and operated as either pooling or a unit and, therefore, the Mineral Liens of Big B Crane extend to and encumber all collateral property covered by each lease in each such pooling or unit agreement. Moreover, the liens attached to the pooling or unit relate back to the commencement of the Services in 2014 under the MSA.

## Claim for Relief

### A.     Declaratory Judgment

39.     Big B Crane incorporates by reference the allegations set forth in paragraphs 1 through 34 above as if fully set forth herein.

40.     This claim for relief arises under the Federal Declaratory Judgment Act, 28 U.S.C.§ 2201 and Bankruptcy Rules 7001(2) and 7001(9).

41.     As set forth above, Big B Crane has validly and timely recorded Mineral Liens against the Collateral Properties of the Debtor Defendant.

42.    These Mineral Liens relate back to inception dates prior to the recording of the competing security interests of the Prepetition Secured Parties, and therefore Big B Crane holds a senior secured claim to the Prepetition Secured Parties.

43.    Accordingly, Big B Crane respectfully requests a judgment of this Court declaring (i) that Big B Crane holds valid, fully-perfected, and timely recorded Mineral Liens against the Debtor Defendant's properties in the amount of $655,850 and (ii) that Big B Crane's validly and timely recorded Mineral Liens on the applicable Collateral Properties, with inception dates pre-dating the date of filing of the security interests of the Prepetition Secured Parties, are senior secured claims to the prepetition and post-petition claims and interests of the Prepetition Secured Parties in the Collateral Properties.

**B.    Demand for Attorneys' Fees**

44.    In this action to determine that Big B Crane's Mineral Liens are valid and enforceable, Big B Crane is entitled to pre-petition and post-petition attorney's fees.

45.    Accordingly, in addition to the relief requested above, Big B Crane respectfully seeks a judgment awarding reasonably attorneys' fees incurred by Big B Crane in this proceeding.

**Requested Relief**

WHEREFORE, Big B Crane respectfully requests an order of the Court declaring that it holds  validly perfected priority Mineral Liens on the Collateral Properties prior in time and superior in right to the prepetition and post-petition claims and interests of the Prepetition Secured Parties, whether pursuant to§ 56.004, Tex. Prop. Code, or otherwise; for an award of costs and reasonable and necessary attorneys' fees; and for such other and further relief to which Big B Crane may show itself to be justly entitled.

Dated: July 2, 2020                          Respectfully submitted,

                                             GELLERT SCALI BUSENKELL & BROWN,
                                             LLC

                                             By: */s/ Amy D. Brown*
                                             Michael Busenkell (DE 3933)
                                             Amy D. Brown (DE 4077)
                                             Gellert Scali Busenkell & Brown LLC
                                             1201 N. Orange St., Suite 300
                                             Wilmington, Delaware 19801
                                             (Tel) (302) 425-5812
                                             mbusenkell@gsbblaw.com
                                             abrown@gsbblaw.com

                                             *Attorneys for Plaintiff Big B Crane LLC*